The BUCKEYE CELLULOSE
CORPORATION, Appellant,

v.

BRAGGS ELECTRIC CONSTRUCTION
CO., Appellee.

No. 77–1555.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 15, 1977.

Decided Jan. 25, 1978.

James D. Storey (filed appendix) of Wright, Lindsey & Jennings, Little Rock, Ark., on brief for appellant.

Barber, McCaskill, Amsler & Jones, Little Rock, Ark., on brief for appellee; John S. Cherry, Jr., Little Rock, Ark., appeared.

Before ROSS, STEPHENSON and WEBSTER, Circuit Judges.

PER CURIAM.

This is an appeal from the district court's [1] order filed June 6, 1977, denying The Buckeye Cellulose Corporation's (Buckeye) uncontested motion under Fed.R.Civ.P. 60(b)(6) to vacate and reenter a judgment so as to permit an appeal on the merits. We reverse and remand.

The facts are not in dispute. Buckeye's complaint in this diversity action sought a declaratory judgment that Braggs Electric Construction Company (Braggs) was obligated to indemnify Buckeye for money paid in settlement of personal injury claims asserted against it by Braggs' employees. Both sides filed motions for summary judgment which were argued and taken under submission by the district court on January 12, 1976. Between February 1 and March 15, 1976, Buckeye's counsel inquired three times at the office of the clerk of the Eastern District of Arkansas regarding the status of the case. Each time counsel was told that no judgment or order had been entered and further that the parties would be notified promptly when a decision was received from Judge Benson. On April 1, 1976, the district court's judgment and opinion were received and filed in the clerk's office in the Eastern District of Arkansas. Neither the counsel nor the parties, however, were notified of this action.

On March 28, 1977, counsel for both parties learned for the first time of the judgment entry on April 1, 1976. The clerk's office acknowledged that through its neglect the judgment had not been forwarded to counsel. On April 11, 1977, the clerk's office advised counsel that a motion would be necessary to obtain an extension of time to permit an appeal. Buckeye filed such a

---

1. The Honorable Paul Benson, Chief Judge, United States District Court for the District of North Dakota, sitting by designation.

**1038**

motion on April 13, 1977. On April 22, 1977, the district court filed its order denying the motion because it felt it was without jurisdiction to extend the time for appeal. On May 13, 1977, Buckeye filed a motion for reconsideration based on Fed.R. Civ.P. 60(b)(6). On June 6, 1977, the district court denied the motion for the same reason that the court felt it was without jurisdiction to grant the relief sought. This appeal followed.

■ The district court believed it was without jurisdiction to extend the time for appeal in this case because of Fed.R.Civ.P. 77(d). That rule provides in part:

Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and shall make a note in the docket of the mailing. * * * Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure.

On its face Rule 77(d) appears to bar the relief sought by Buckeye. Rule 77(d), however, must be read together with Fed.R. Civ.P. 60(b)(6) which provides that, upon motion and under such terms as are just, the district court may relieve a party from a final judgment or order for "any other reason justifying relief from the operation of the judgment." As the Supreme Court has noted, Rule 60(b)(6) "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 615, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949). *See Hansen v. United States*, 340 F.2d 142, 143 (8th Cir. 1965); *Fleming v. Gulf Oil Corp.*, 547 F.2d 908, 912–13 (10th Cir. 1977).

■ In our opinion a wooden reading of Rule 77(d) would thwart rather than promote the ends of justice. We agree with the District of Columbia Circuit when it stated:

We recognize that Rule 77(d) provides that the failure of the clerk to notify a party of the entry of judgment does not extend the time within which the party may appeal. This rule is intended to preserve the finality of judgments. If the parties do not know of the entry of judgment, the winning party cannot rely on the judgment and the losing party cannot make a "free, calculated, deliberate" choice not to appeal. *Ackermann v. United States*, 340 U.S. 193, 198, 71 S.Ct. 209, 95 L.Ed. 207 (1950). In these circumstances the purposes behind Rule 77(d) would not be served by denying the losing party the privilege of appealing and, in our view, justice demands that the losing party be given that opportunity.

*Expeditions Unlimited Aquatic Enterprises, Inc. v. Smithsonian Institute*, 163 U.S.App. D.C. 140, 141, 500 F.2d 808, 809 (1974).

■ In the instant case none of the parties knew of the entry of judgment and none could be said to have relied on it. Furthermore, Buckeye's counsel diligently sought to discharge the implicit duty in Fed.R.Civ.P. 77(d) by making three inquiries to the clerk's office to discover the status of the case. In addition, Buckeye's counsel was told by the clerk's office that the parties would be notified promptly when the district court's decision was received and filed. Finally, counsel at all times acted diligently following the March 28, 1977, notice of the judgment entry. Under these circumstances the trial court may vacate and reenter a judgment under Rule 60(b)(6).[2] *Fidelity & Deposit Co. v. Usa-*

---

**2.** The Fifth Circuit's decision in *Morrow v. Planters' Trust and Savings Bank*, 502 F.2d 520, 523 (5th Cir. 1974), is distinguishable from the instant case. There the court held that to permit an appeal where there is failure to notify, without more, would be opposed to the clear wording and intent of Rule 77(d). As discussed previously, certainly more was involved in the instant case than a mere failure by the clerk's office to notify counsel of the judgment entry. *Compare Morrow v. Planters' Trust and Savings Bank, supra, with Fidelity & Deposit Co. v. Usaform Hail Pool, Inc.*, 523 F.2d 744, 747–51 (5th Cir. 1975), *cert. denied*, 425 U.S. 950, 96 S.Ct. 1725, 48 L.Ed.2d 194 (1976).

*form Hail Pool, Inc.,* 523 F.2d 744, 747–51 (5th Cir. 1975), *cert. denied,* 425 U.S. 950, 96 S.Ct. 1725, 48 L.Ed.2d 194 (1976); *Expeditions Unlimited Aquatic Enterprises, Inc. v. Smithsonian Institute, supra; Smith v. Jackson Tool & Die, Inc.,* 426 F.2d 5 (5th Cir. 1970). *See generally International Controls Corp. v. Vesco,* 556 F.2d 665, 670–71 (2d Cir. 1977); *Braden v. University of Pittsburgh,* 552 F.2d 948, 954 (3d Cir. 1977).

We reverse and remand to the district court with the direction that its order of April 1, 1976, be vacated and reentered, thereby preserving Buckeye's right of appeal.