For the foregoing reasons, the decision of the bankruptcy court is

AFFIRMED.

**Carry Ray TUBBS, et al.,
Plaintiffs-Appellants,**

v.

**George L. CAMPBELL, M.D.,
Defendant-Appellee.**

**No. 83–2071
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

May 14, 1984.

Provost, Umphrey, McPherson & Swearingen, Thomas F. Rugg, Port Arthur, Tex., for plaintiffs-appellants.

Ryan & Marshall, Kevin Dubose, Houston, Tex., for defendant-appellee.

Before REAVLEY, RANDALL and WILLIAMS, Circuit Judges.

PER CURIAM:

Plaintiffs sued George L. Campbell, M.D., alleging that he negligently diagnosed and treated plaintiff's wife, thereby causing her death. The district judge directed a verdict for defendant at the close of plaintiffs' case in chief. We affirm.

## I. Statement of the Case

Anita Tubbs, wife of plaintiff, was significantly overweight and sought intestinal bypass surgery as a means of reducing her weight. Dr. George L. Campbell performed this surgery on October 3, 1978. For the first year after the surgery Anita Tubbs had no problems and experienced significant weight loss. On November 26, 1979 she entered a hospital in Beaumont with abdominal pains. Campbell treated her for an infection and she improved for a while.

Her condition then deteriorated and on December 17, 1979 she went to Campbell's office in a greatly weakened condition. Campbell advised her that she needed to be hospitalized immediately. Having incurred substantial debts and having separated from her husband, Tubbs did not want to incur additional medical expenses. Campbell recommended a charity hospital in Galveston, but Tubbs did not want to go there. Instead she went to her parents' home in Houston. There she received no further medical care and died on December 24, 1979. An autopsy report indicated that Tubbs died as a result of peritonitis due to a perforation of the blind loop of the intestinal bypass. This condition is fatal within forty-eight hours of its inception.

Carry Ray Tubbs filed a diversity suit on behalf of himself and Anita's parents, Jewell and Walker Freeman,[1] alleging that Campbell negligently diagnosed and treated Anita Tubbs' condition. The trial judge directed a verdict for Campbell, holding that plaintiffs failed to establish the proper standard of care, a breach of that standard, or proximate cause. Plaintiffs appeal.

## II. Timeliness of Appeal

Campbell argues that this appeal was not timely filed and should therefore be dismissed. The trial judge entered judgment in the case on October 6, 1982, but the clerk did not mail copies of the judgment to the parties. Consequently, the time for appeal lapsed without action by plaintiffs. We held in *Wilson v. Atwood Group*, 725 F.2d 255, 258 (5th Cir.1984) (en banc) that reliance on the clerk to give notice of judgment would not excuse the failure to appeal within the allowed time.

In *Wilson*, however, the appellant made no effort to determine whether the decision had been entered. *Id.* Here, attorneys for plaintiffs made inquiries to the clerk's office but were told that no judgment had been entered. In fact it had; thus the clerk's office misled the plaintiffs, causing them to miss the deadline for appeal. In *Wilson* we stated that "when counsel who

---

1. Tubbs is a Louisiana resident; Campbell is a Texas resident. Jewell and Walker Freeman are Texas residents who initially intervened in this action, thereby destroying diversity jurisdiction. They later withdrew as intervenors and Tubbs sued on their behalf, pursuant to the Texas Wrongful Death Act, Tex.Rev.Civ.Stat.Ann. art. 4675 (Vernon 1952).

filed a belated notice of appeal had not relied on the clerk to give notice of the entry of judgment but had been diligent in attempting either to delay its entry or to inquire about the status of the case" the trial court may grant relief. *Id.* We find this to be such a case and uphold the trial court's re-entry of judgment pursuant to Rule 60(b)(6), Fed.R.Civ.P. to allow an extension of time in which to appeal.

### III. Directed Verdict

Plaintiffs contend that the trial court erred in granting Campbell's motion for a directed verdict. They maintain that the record provides sufficient evidence of a breach of the standard of care and proximate cause to submit the case to the jury.

 The parties agree that the standard of review for a motion for directed verdict is whether, considering all the evidence, there is sufficient evidence for reasonable persons to arrive at a contrary verdict. *Boeing Co. v. Shipman,* 411 F.2d 365, 374 (5th Cir.1969). A mere scintilla of evidence is insufficient to present a question for the jury; there must be a conflict in substantial evidence. *Id.* at 374–75.

In this case plaintiffs alleged that Campbell failed to diagnose Anita Tubbs' condition and refused to treat her condition. At the trial they maintained that the proper standard of care required that the physician tell Jewell Freeman, the mother of the patient, that her daughter should be hospitalized. Mrs. Freeman had called Dr. Campbell to ask how to care for her daughter. The only evidence on the care required to meet a proper standard was the testimony of the defendant. He testified, however, that the proper care should have been to tell the patient, not the patient's mother, that she should be hospitalized. This standard was met. Campbell testified that he told Anita Tubbs and her sister-in-law that Tubbs should be hospitalized. This was corroborated by the testimony of plaintiffs' own witness, the sister of Carry Tubbs. Dr. Campbell's office records further corroborated his testimony. Plaintiffs, therefore, presented insufficient evi-

dence of a breach of standard of care to establish a jury question.

Furthermore, the cause of death was peritonitis resulting from a perforation of the blind loop of the intestinal bypass. This condition is fatal within forty-eight hours. Campbell last saw the patient approximately a week before she died. She could not have had the condition which caused her death at the time of her office visit on December 17, 1979. There was insufficient evidence that Campbell abandoned his patient or that his treatment of Anita Tubbs was negligent to create a conflict in substantial evidence.

AFFIRMED.