In re Juan **GONZALEZ** and Blanca Gonzalez, Debtors.

**DELTA EMPLOYEES CREDIT UNION, Appellants,**

v.

Juan **GONZALEZ** and Blanca Gonzalez, and Craig Phelps, Trustee, Appellees.

No. 86 C 2441.

United States District Court, N.D. Illinois, E.D.

April 8, 1987.

Edward C. Richard, Stone, McGuire & Benjamin, Chicago, Ill., for Delta Employees Credit Union.

Paul W. Grauer, Woodfield Office Plaza, Schaumburg, Ill., for Juan and Blanca Gonzalez.

Craig Phelps, Chicago, Ill., trustee.

## MEMORANDUM OPINION AND ORDER

WILLIAM T. HART, District Judge.

This case is brought as an appeal from an order of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). Appellant Delta Employees Credit Union ("Delta") is an unsecured creditor of appellees Juan and Blanca Gonzalez ("the debtors"). Debtors filed a joint voluntary petition for relief under Chapter 13 of the Bankruptcy Code in Bankruptcy Court on April 30, 1985. They also submitted a Chapter 13 plan which was confirmed on June 7, 1985.

The facts regarding debtors' financial status and the provisions of the plan are uncontested. Debtors' combined net monthly income is $2,372.50 and their monthly expenses are $1,240.37. The plan

calls for debtors to pay $465.64 monthly to the trustee and eventually to pay secured creditors 100% of their claims and unsecured creditors 25% of their claims. Delta moved on September 13, 1985, for relief from the confirmation order pursuant to Federal Rule of Civil Procedure 60(b) (as made applicable in bankruptcy cases by Bankruptcy Rule 9024) or, alternatively, for modification of the plan pursuant to 11 U.S.C. § 1329. The Bankruptcy Court denied this motion on February 21, 1986, and it is from the denial of that motion that Delta appeals. When only legal issues are presented, this court will engage in an independent review of the bankruptcy court's decision. *In re Evanston Motor Co.*, 735 F.2d 1029, 1031 (7th Cir.1984). However, in reviewing the denial of relief under Rule 60(b), the court will inquire whether the Bankruptcy Court abused its discretion. *United States v. One 1979 Rolls-Royce Corniche*, 770 F.2d 713, 716 (7th Cir.1985).

Delta's argument, in brief, is that the plan violates 11 U.S.C. § 1325, because it allows debtors to pay only 25% of the unsecured claims without requiring them to use all of their projected disposable income for paying claims under the plan. Delta also contends that it is entitled to seek relief under either Rule 60(b) or 11 U.S.C. § 1329 because its failure to object to the plan before it was confirmed was caused by an ambiguous notice. The bankruptcy court found (1) that § 1329 was the appropriate procedural avenue for attempting to obtain relief, and Rule 60(b) was not, (2) that § 1329 was not an appropriate avenue for relief in this case because it was only meant to apply to situations where the debtor's income has substantially changed, and (3) that even if Delta's argument was considered on the merits, the plan complied with the Code.

The Bankruptcy Court held that Rule 60(b) was not an appropriate avenue for relief in this case because bankruptcy courts resort to Federal Rules of Civil Procedure only when Bankruptcy Rules are insufficient and here § 1329 is sufficient, citing *In re Dahowski*, 48 B.R. 877 (Bankr. S.D.N.Y.1985). But Bankruptcy Rule 9024 provides that "Rule 60 F.R.Civ.P. applies in cases under the Code" (except for certain exceptions not relevant here).[1] Therefore the application of Rule 60(b) in a bankruptcy case is really the application of Bankruptcy Rule 9024.[2]

Rule 60(b) provides, in relevant part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; . . . .

The Bankruptcy Court also held that an order confirming a Chapter 13 plan is not a "final order" for purposes of Rule 60(b) because of the possibility of modification of the order under § 1329. However, orders confirming or denying Chapter 13 plans have been recognized as final orders by many courts for various purposes, including Rule 60. *In re Duke*, 29 B.R. 802, 802 (D.Kan.1983) (for purposes of appeal); *In re Toth*, 61 B.R. 160, 165, 167 (Bankr.N.D. Ill.1986) (res judicata and Rule 60); *In re Zimble*, 47 B.R. 639, 640 (Bankr.D.R.I. 1985) (res judicata); *In re Rice*, 42 B.R. 838, 839–40 (Bankr.D.S.D.1984) (Rule 60).

The case relied on by the Bankruptcy Court, *In re Schaffer*, 48 B.R. 952 (Bankr. N.D.Ohio 1985), involved a debtor who failed to complete payments under the plan, but who then argued that the order confirming the plan was res judicata and prevented a creditor from reasserting liens

---

1. In *Dahowski*, the court looked to Federal Rule 4(j) to determine the maximum time available for service after the filing of the complaint (120 days) because the relevant bankruptcy rule, 7004(f), provides for service within 10 days following issuance of summons but seemed to allow for the issuance of an unlimited number of summonses. No bankruptcy statute or rule expressly adopted Fed.R.Civ.P. 4(j).

2. Moreover, the Bankruptcy Court found that reference to Rule 60(b) was unnecessary because of the availability of § 1329, but then found that § 1329 was not available because it was meant to be limited to cases where the debtor's income changed after confirmation of the plan.

against the debtor's property which had been deemed avoided under the plan. The court in *Shaffer* held that the doctrine of res judicata did not bind the creditors to the Chapter 13 plan, but based its result on the special circumstances of that case:

> Clearly, the court's orders confirming the Chapter 13 Plans were final for purposes of appeal. They were not final, however, for purposes of res judicata....
>
> The court recognizes that some courts have stated that the confirmation of a Chapter 13 plan is res judicata as to all issues that were or could have been decided at the confirmation hearing. [citations omitted] None of these cases, however, applied the doctrine where the debtor had defaulted on the plan or had converted or dismissed the case. In the present cases where the debtors have converted to Chapter 7, the court concludes that the doctrine of res judicata does not bind the creditors to the terms of the now abandoned Chapter 13 plan.

48 B.R. at 952. *Shaffer* thus dealt with what it perceived to be an exception to the general rule that confirmation orders *are* res judicata and final orders.

Once a plan is confirmed, both creditors and debtors are bound. 11 U.S.C. § 1327. The Bankruptcy Court acknowledged this, Memorandum Opinion at 4, but found that confirmation was not final until all payments were made and the debtor discharged under § 1328. However, this would require a creditor who had valid grounds for relief under Rule 60, including a revision of the terms of the plan, to wait until the plan was completed to seek that relief. Certainly such relief, assuming it is otherwise warranted, should be granted early on in order to efficiently alter the plan before it runs its course. The order confirming the Chapter 13 plan was a "final order" for purposes of Rule 60(b).

▇ Delta argues that it is entitled to relief under Rule 60(b)(1) on the grounds of "mistake, inadvertence, surprise, or excusable neglect," because of allegedly ambiguous notice it received regarding the confirmation hearing and misinformation it received from the office of the clerk of the bankruptcy court. The Bankruptcy Court issued an "Order for Meeting of Creditors, Combined with Notice Thereof and of Automatic Stays," on May 3, 1985, which provided, in relevant part:

A meeting of creditors pursuant to Title 11 U.S.C. § 341(a) shall be held at:

| | |
|---|---|
| OFFICE OF CRAIG PHELPS | DATE |
| 54 WEST VAN BUREN, RM. 450 | JUNE 7, 1985 |
| PHONE 312-987-1530 | TIME |
| CHICAGO, IL | 9:00 A.M. |

. . . .

In order to have his claim allowed so that he may share in any distribution of the estate, a creditor must file a claim, whether or not he is included in the list of creditors filed by the debtor. Claims which are not filed BY SEPTEMBER 5, 1985 will not be allowed, except as otherwise provided by law. A hearing on confirmation of the plan will be held, AND IN JOINT CASES A HEARING TO DETERMINE THE EXTENT, IF ANY, TO WHICH THE DEBTORS ESTATE SHALL BE CONSOLIDATED, ON THE ABOVE DATE AT 10:30 A.M. IN COURTROOM 1646, U.S. COURTHOUSE, 219 DEARBORN ST., CHICAGO, ILLINOIS.

Appellant's attorney could not tell from the notice whether June 7, 1985, or September 5, 1985, was "the above date" for the confirmation hearing. Appellant's attorney twice telephoned the Office of the Clerk in April and May of 1985 to ascertain the date for the confirmation hearing. He was told on each occasion that the court had not set a date for the confirmation hearing, and that such hearings were usually scheduled approximately three months after the meeting of creditors.

Relying on that information, the creditor filed a proof of claim in Bankruptcy Court against the debtors on June 17, 1985. On June 24, 1985, the creditor objected to confirmation of the debtors' plan. However, the creditor's objection was overruled because the plan had already been confirmed on June 7, 1985.

In *Ellingsworth v. Chrysler*, 665 F.2d 180 (7th Cir.1981), counsel for the defendant attended a status call during which the trial date was discussed. The date was set for August 25, 1980, but the court informed counsel that a case set for the preceding week might run over and push their trial date back. The case was called for trial on August 25, defendant's counsel failed to appear, and the court found defendant in default and entered judgment the same day. Defendant later moved for relief pursuant to Rule 60(b)(1), contending

that he understood that the case was set for trial *after* August 25 and that he would be notified. The district court denied the motion.

On appeal, the Seventh Circuit reviewed the transcript of the earlier status call, found that "there was indeed some confusion concerning when the trial would be set and whether a preceding trial would last longer than anticipated," and that defendant's failure to appear at trial was the result of "mistake or excusable neglect." *Id.* at 184. The Seventh Circuit found that the district court's denial of the Rule 60 motion was an abuse of discretion and vacated the judgment and remanded for further proceedings.

In *Tubbs v. Campbell*, 731 F.2d 1214 (5th Cir.1984), the trial court entered a judgment for defendant but the clerk did not mail copies of the judgment to the parties. The time for appeal lapsed. The district court granted relief pursuant to Rule 60(b), allowing plaintiff time to appeal by the re-entry of judgment. On appeal, the court of appeals upheld the relief granted pursuant to Rule 60(b), observing that attorneys for plaintiff had made inquiries to the clerk's office but were told that no judgment had been entered when in fact it had. The court found that relief was appropriate when counsel had been diligent in attempting to inquire about the status of the case but had been misled. 731 F.2d at 1215–16.

This case is similar in relevant respects to both *Ellingsworth* and *Tubbs*. As in *Ellingsworth*, the notice sent to Delta's counsel was confusing. It indicates that "a hearing on confirmation of the plan will be held ... *on the above date.*" But the notice previously set forth two dates: June 7, 1985, the date for "a meeting of creditors," and September 5, 1985, the date by which time claims were required to be filed in order to be allowed. Thus it was not clear *which* "above date" was referred to. Moreover, it is perhaps more likely that one would believe September 5 to be the date of the confirmation hearing, since the statement next followed this date. Furthermore, counsel for Delta called twice to ask whether the court had set a date for a

confirmation hearing and was told it was normally set approximately three months after the meeting of creditors. Thus, as in *Tubbs*, counsel was diligent and was misled by the clerk's office. Just as the trial court abused its discretion in *Ellingsworth*, the Bankruptcy Court abused its discretion in denying Delta's motion for relief. Delta's failure to appear at the confirmation hearing and to object in a timely fashion was the result of mistake or excusable neglect.

■ To obtain relief under Rule 60(b), Delta's claim must also have merit. *Matter of Busick*, 719 F.2d 922, 926 (7th Cir. 1983); *Ellingsworth, supra,* 665 F.2d at 184. Judicial economy requires that a Rule 60(b) movant demonstrate a meritorious claim or it would be a waste of time to reopen proceedings. *Passarella v. Hilton International Co.*, 108 F.R.D. 421, 424 (N.D.Ill.1985). Delta contends that the plan, as presently confirmed, violates 11 U.S.C. § 1325(b), which provides in relevant part:

> (b)(1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan—
>
> \*     \*     \*     \*     \*     \*
>
> (B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.
>
> (2) For purposes of this subsection, 'disposable income' means income which is received by the debtor and which is not reasonably necessary to be expended—
>
> (A) for the maintenance or support of the debtor or a dependent of the debtor;

Thus, if Delta were allowed to object to the plan, it could not be confirmed unless the plan provided for "all of debtor's projected disposable income" during the designated three year period to be applied to the plan. But the plan may only require debtors to apply $465.64 each month to the plan when

they have $1,132.13 in disposable income ($2,372.50 total net income minus $1,240.37 monthly expenses). Therefore the plan may violate § 1325(b) and Delta may have a meritorious claim. However, that is a matter for the Bankruptcy Court to decide in the first instance after a hearing.

The Bankruptcy Court stated that "[s]ince the standards are not more clearly enumerated, a good faith requirement must be implied," and that this did not require that a debtor commit his total monthly income. Memorandum Opinion at 5–6.

The cases cited by the Bankruptcy Court are all pre–1984 and thus predate the amendment to the Code enacting § 1325(b), which became effective July 10, 1984. Pub.L. 98–353, §§ 530, 317(3), 553. Section 1325(a) did, and still does, prescribe a "good faith" requirement as one requirement for confirmation. 11 U.S.C. § 1325(a)(3). However, the 1984 amendment, in addition to enacting § 1325(b), as now written, also amended § 1325(a), which now begins:

(a) *Except as provided in subsection (b)*, the court shall confirm a plan if—[subsection (a)(1) through (a)(6) are satisfied].

Therefore the Code appears to provide that even if the requirements of § 1325(a), including the "good faith" requirement of § 1325(a)(3), are satisfied, failure to comply with § 1325(b) will prevent confirmation. Several courts have rejected plans for failure to comply with this requirement since the amendment went into effect. *E.g., In re Jones*, 55 B.R. 462 (Bankr.D.Minn.1985); *In re Krull*, 54 B.R. 375 (Bankr.D.Colo. 1985); *In re Festner*, 54 B.R. 532 (Bankr.E. D.N.C.1985).

IT IS THEREFORE ORDERED that the Bankruptcy Court's order denying Delta's motion for relief under Rule 60(b) is reversed, and this case is remanded to the Bankruptcy Court for proceedings consistent with this opinion.