1999 Utah Ct. App. 370

**Rosemarie SMITH nka Rosemarie Anderson Schermerhorn, Plaintiff and Appellant,**

v.

**Kevin Lamont SMITH, Defendant and Appellee.**

No. 981797–CA.

Court of Appeals of Utah.

Dec. 16, 1999.

Rehearing Denied March 22, 2000.

Loren D. Martin, Salt Lake City, for Appellant.

Sharon A. Donovan and Kent M. Kasting, Dart, Adamson, Donovan & Hansen, Salt Lake City, for Appellee.

Tracy Mills, Martha Pierce, and Judith Wolbach, Salt Lake City, Guardians Ad Litem.

Before BILLINGS, JACKSON, and ORME, JJ.

## OPINION

BILLINGS, Judge:

¶ 1 Rosemarie Schermerhorn (Appellant) appeals the modification of her divorce decree, which requires supervised visitation of her twin daughters until further court order. She argues the court erred in issuing a protective order that limited discovery and prevented her from challenging a court-appointed custody evaluator's report and testimony. We affirm, and award attorney fees on appeal to Kevin L. Smith.

## BACKGROUND

¶ 2 In 1993, Appellant filed for divorce from her husband, Mr. Smith. A custody dispute arose during the proceedings, and the trial court ultimately issued a divorce decree awarding custody of the children to Mr. Smith.

¶ 3 The divorce decree entitled Appellant to reasonable visitation with her daughters, provided that, *inter alia*, she continue therapy and desist in making what the court had determined were untrue allegations of sexual abuse against Mr. Smith. In 1997, Mr. Smith petitioned the court to require supervised visitation. In his petition, he alleged that Appellant had violated the terms of the divorce decree by making continued allegations against him, and by failing to participate in therapy.

¶ 4 Appellant responded by petitioning for custody of the children. A bench trial was set on the matter, and the court appointed an independent custody evaluator, Dr. Kevin Gully, to assist in its decision. Dr. Gully was granted access to the therapy records of both parties and their children in order to facilitate his evaluation. Appellant then subpoenaed these records, but the Guardian Ad Litem and the children's therapist filed affidavits stating that release of these documents to Appellant would be damaging to the children. Mr. Smith then successfully moved for a protective order to prevent the release of the therapy records to Appellant.

¶ 5 In January, 1998, Dr. Gully submitted his custody evaluation. In the evaluation, he recommended that Appellant's visits continue, but on a supervised basis. Within the following eight months, Appellant submitted several unsuccessful motions to obtain access to the records which Dr. Gully had used, or in the alternative, to exclude Dr. Gully's report and testimony.

¶ 6 Trial was held in September, 1998, and Dr. Gully's report and testimony were received into evidence *without further objection*. The court granted Mr. Smith's petition to modify the divorce decree, and required that Appellant's visits continue on a supervised basis until the children's therapist should recommend otherwise. The trial

court also awarded reasonable attorney fees to Mr. Smith.

¶ 7 Ms. Schermerhorn now appeals, arguing that the court's protective order improperly limited discovery and prevented her from challenging Dr. Gully's report and testimony. In response, Mr. Smith argues that Appellant's brief is inadequate under Rule 24 of the Utah Rules of Appellate Procedure. He further requests an award of attorney fees and costs on appeal.

## I. INADEQUATE BRIEFING

¶ 8 Because we agree with the contention that Appellant's brief fails to satisfy the minimal requirements of Rule 24 of the Utah Rules of Appellate Procedure, we do not discuss the merits of this case in detail.[1] Briefs that are not in compliance with Rule 24 may be disregarded or stricken sua sponte by the court. *See* Utah R.App. P. 24(j); *State v. Herrera*, 895 P.2d 359, 368 n. 5 (Utah 1995) (disregarding issues not properly briefed). Briefs must contain reasoned analysis based upon relevant legal authority. *See* Utah R.App. P. 24(a)(9); *State v. Thomas*, 961 P.2d 299, 304–05 (Utah 1998). An issue is inadequately briefed when "the overall analysis of the issue is so lacking as to shift the burden of research and argument to the reviewing court." *Thomas*, 961 P.2d at 305.

¶ 9 Appellant's brief has impermissibly shifted the burden of analysis to the reviewing court in this case. Appellant bears the burden of demonstrating the validity of her points on appeal. Rule 24 is a roadmap which, if followed, maximizes an appellant's chances for success. Our detailed discussion of Rule 24 is not a slavish devotion to form

over substance. Rather, it is explained by our complete inability, given the deficiencies in briefing, to review the merits of the trial court's decision.

¶ 10 The brief purports to present three arguments, supported by five "points." Appellant's first point does not cite a single legal authority. It obliquely refers to the Utah Rules of Civil Procedure and to a general concept of due process in arguing that the court-appointed custody evaluator should not have been allowed to testify.

¶ 11 Similarly, Appellant's second point fails to cite relevant legal authority. In arguing that the trial court should not have issued a protective order that had the effect of limiting discovery, she quotes only one case. The language cited is a general statement about a policy of fairness behind discovery rules, but provides no grounds for comparison to the facts of Appellant's case.

¶ 12 Appellant's third point is approximately half of a page in length. It contains little more than a quote from Rule 35(b)(1) of the Utah Rules of Civil Procedure, and argues that "data underlying" the court-appointed custody evaluator's report should have been provided to her. However, Rule 35(b)(1) requires the examined party to receive only "a copy of a detailed written report of the examiner setting out the examiner's findings, including results of all tests made, diagnosis and conclusions. . . ." Utah R. Civ. P. 35(b)(1). Because the record reflects that Appellant received a report from the evaluator that fulfilled the rule's requirements, her argument is groundless.

---

1. We recognize we have previously suggested that Rule 24 should not be the sole basis for denying the appeal of a trial court's child custody determination. *See Rosendahl v. Rosendahl*, 876 P.2d 870, 876 n. 1 (Utah Ct.App.1994). The present case does not represent a departure from this policy. After careful review of the record, we are satisfied that even if we were to reach the merits, the result would be the same.

In child custody matters, "we accord broad discretion to the trial court." *Erwin v. Erwin*, 773 P.2d 847, 849 (Utah Ct.App.1989). Trial courts also have broad discretion regarding discovery matters, including protective orders. *See R & R Energies v. Mother Earth Indus.*, 936 P.2d

1068, 1079 (Utah 1997). In the instant case, the trial court did not abuse its discretion in issuing a protective order that prevented discovery of the documents upon which Dr. Gully relied. The protective order which Appellant challenges was less restrictive of discovery than a similar protective order she later requested, and was supported by affidavits from a child therapist and the Guardian Ad Litem stating that release of these documents could be damaging to the children. Additionally, the trial court properly admitted Dr. Gully's testimony, which was done according to standard procedures under R4–903 of the Utah Code of Judicial Administration and Rules 705 and 706 of the Utah Rules of Evidence.

¶ 13 Appellant's fourth point merely rehashes the previous argument—i.e., that data underlying the court-appointed custody evaluator's report should have been available to Appellant through discovery. It also relies on a single quote, this time from Rule 26(b)(3) of the Utah Rules of Civil Procedure. This section of the Rule pertains to documents prepared in anticipation of litigation, and sets stringent requirements on the discoverability of such documents. However, the documents Appellant sought to discover were counseling records pertaining to herself, her former husband, and her children. Not only were these records not prepared in anticipation of litigation—and hence not within the ambit of the rule—but they were subject to a protective order.

¶ 14 The relevant section of Rule 26—(c)(4), regarding protective orders—is not even discussed in Appellant's brief. Section (c)(4) gives the court discretion to issue, in the interests of justice, a protective order "that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters." Utah R. Civ. P. 26(c)(4). The record reveals that the protective order was less restrictive than one later requested by Appellant. Further, the court received affidavits from qualified experts stating that release of these documents could be damaging to the children.

¶ 15 The fifth and final point presented by Appellant cites the Utah Constitution's Due Process Clause[2] and several Utah cases dealing with, among other things, plain error and expert testimony. According to Appellant, the trial court erred in denying her "numerous motions" to get access to the foundation of the court-appointed custody evaluator's report and testimony. However, Appellant gives no legal basis for her contention that these denials were errors.

¶ 16 Appellant also suggests that the trial court improperly used the independent custody evaluator to assess the truthfulness of damaging statements made about her by her most recent husband, Mr. Schermerhorn, in violation of *State v. Rimmasch,* 775 P.2d 388,

392 (Utah 1989) (barring expert testimony regarding truthfulness of particular statements made by witness). However, both Dr. Gully's report and his testimony show a conscientious recognition of his inability to pass on Mr. Schermerhorn's credibility. Thus, Appellant's contention that the court improperly relied on Dr. Gully for this purpose is unsupported by the record.

¶ 17 Because of the inadequacy of Appellant's brief, we affirm the judgment below.

## II. ATTORNEY FEES

¶ 18 The trial court awarded attorney fees to Mr. Smith, who now seeks attorney fees on appeal. In domestic cases, when a party has prevailed below and the trial court has awarded attorney fees, we will generally award the same party attorney fees when he or she prevails on appeal. *See Rosendahl,* 876 P.2d at 875; *Moore v. Moore,* 872 P.2d 1054, 1056 (Utah Ct.App.1994). Accordingly, Mr. Smith is entitled to attorney fees on appeal, and we remand for a determination of reasonable fees.

¶ 19 WE CONCUR: NORMAN H. JACKSON, Judge, and GREGORY K. ORME, Judge.

---

2. "No person shall be deprived of life, liberty or property without due process of law." Utah Const. art. I, § 7.