2003 UT App 46

**Leopoldina OSEGUERA, Plaintiff and Appellant,**

v.

**FARMERS INSURANCE EXCHANGE, Defendant and Appellee.**

**No. 20010099–CA.**

Court of Appeals of Utah.

Feb. 21, 2003.

Loren M. Lambert, Arrow Legal Solutions, Midvale, for Appellant.

Gary D. Josephson, Petersen & Hansen, Salt Lake City, for Appellee.

Before JACKSON, P.J., ORME and THORNE, Jr., JJ.

## OPINION

ORME, Judge:

¶ 1 Leopoldina Oseguera appeals the trial court's denial of her motion under rule 60(b)(6) of the Utah Rules of Civil Procedure for relief from a judgment improperly entered against her. Because the trial court should have set aside the judgment when its mistake was called to its attention, we reverse.

## BACKGROUND

¶ 2 The facts determinative of this appeal are not in dispute. Oseguera was involved in a car accident for which she was not at fault. The responsible party's insurance company paid Oseguera $65,600. Oseguera then initiated a claim with her own insurance company, Farmers Insurance Exchange, under her underinsured motorist coverage. Oseguera and Farmers could not agree on the amount Farmers owed Oseguera, so they submitted the dispute to arbitration as required in their contract.

¶ 3 After the arbitrator returned his findings of fact and arbitration award, Oseguera filed a complaint to partially vacate the arbitration award, and Farmers filed an answer. Oseguera then filed a motion for summary judgment, and Farmers responded by filing a motion under rule 56(f) of the Utah Rules of Civil Procedure, the thrust of which was that the court should not rule on Oseguera's summary judgment motion until the arbitrator's deposition had been taken.[1]

¶ 4 On February 29, 2000, without oral argument or notification to the parties, and without any request to submit Oseguera's summary judgment motion for decision pursuant to rule 4–501(1)(D) of the Utah Code of Judicial Administration,[2] the trial court en-

---

1. The arbitrator's deposition was taken on February 9, 2000, but the transcript of that deposi- tion was not entered into the record until March 16, 2000, by Oseguera.

2. Rule 4–501(1)(D) of the Utah Code of Judicial

tered judgment denying Oseguera's motion to partially vacate the arbitration award, summarily affirming the arbitration award,[3] and denying Farmers's rule 56(f) motion.[4] The court's sua sponte entry of judgment precluded the usual circulation among the parties of a proposed judgment and the opportunity to object prior to its entry. *See* Utah Code Jud. Admin. R4–504(1), (2).[5] The court's sua sponte entry of judgment also precluded notice of entry of the judgment from being given in the usual course. *See* Utah R. Civ. P. 58A(d).[6] And the court did not independently notify the parties of its intended consideration of the pending motions or of its entry of the February 29, 2000, judgment. Rather, on May 2, 2000, the trial court set a scheduling conference and oral argument for June 2, 2000.[7]

¶ 5 On June 2, 2000, when she appeared for the scheduling conference and oral argument noticed up by the court, Oseguera learned for the first time of the judgment entered against her months before. On June 29, 2000, she filed a notice of appeal from the February 29 judgment to the Utah Supreme Court, and the Supreme Court summarily dismissed that appeal as untimely, it having been filed more than thirty days following entry of the judgment. *See* Utah R.App. P. 4(a).

¶ 6 Oseguera then filed with the trial court a motion, under rule 60(b)(6) of the Utah

---

Administration reads, with our emphasis:

(D) Notice to submit for decision. Upon the expiration of the five-day period to file a reply memorandum [in support of any motion], either party may notify the clerk to submit the matter to the court for decision. The notification shall be in the form of a separate written pleading and captioned "Notice to Submit for Decision." The Notice to Submit for Decision shall state the date on which the motion was served, the date the memorandum in opposition, if any, was served, the date the reply memorandum, if any, was served, and whether a hearing has been requested. The notification shall contain a certificate of mailing to all parties. *If neither party files a notice, the motion will not be submitted for decision.*

3. This aspect of the court's judgment is especially curious. Farmers had not yet filed a cross-motion seeking affirmance of the arbitration award. Rather, it had taken the position that the court could not properly decide the matter until additional discovery had been undertaken.

4. A notice to submit Farmers's rule 56(f) motion for decision had been filed by Farmers on February 14, 2000.

5. Subsections (1) and (2) of rule 4–504, Utah Code of Judicial Administration, provide:

(1) In all rulings by a court, counsel for the party or parties obtaining the ruling shall within fifteen days, or within a shorter time as the court may direct, file with the court a proposed order, judgment, or decree in conformity with the ruling.

(2) Copies of the proposed findings, judgments, and orders shall be served upon opposing counsel before being presented to the court for signature unless the court otherwise orders. Notice of objections shall be submitted to the court and counsel within five days after service.

6. Rule 58A(d) of the Utah Rules of Civil Procedure reads: "Notice of signing or entry of judgment. A copy of the signed judgment shall be promptly served by the party preparing it in the manner provided in Rule 5." While the rule goes on to state that "[t]he time for filing a notice of appeal is not affected by the requirement of this provision," Utah R. Civ. P. 58A(d), failure to comply with such a requirement is highly relevant for purposes of rule 60(b), as is hereafter explained.

7. When the initial pleadings in this case were filed, the case was assigned to then Judge Durrant, who, early in the course of this case, was appointed to the Utah Supreme Court. Judge Lindberg issued the February 29, 2000, judgment and the order denying Oseguera's rule 60(b)(6) motion. However, the record suggests it was an unidentified "visiting judge" who, on May 2, 2000, set the misleading scheduling conference and oral argument for June 2, 2000.

The parties had filed several pleadings after February 29, apparently still unaware of the judgment entered on that date. Specifically, Farmers filed on March 3 a cross-motion for summary judgment. Oseguera filed a response to Farmers's cross-motion for summary judgment on March 16. Then, on March 23, Farmers filed a reply memorandum in support of its cross-motion for summary judgment and a request for a hearing on that motion. And on March 28, Farmers filed a notice to submit its summary judgment motion for decision.

It appears likely the "visiting judge," also unaware of Judge Lindberg's February 29, 2000, judgment, scheduled the June 2 oral arguments in response to Farmers's March 28 notice to submit. In any event, on May 2 the parties remained oblivious to the February 29 judgment.

Rules of Civil Procedure,[8] for relief from the February 29 judgment. Without having received a response from Farmers to Oseguera's rule 60(b) motion or a notice to submit the motion for decision, the trial court denied Oseguera's rule 60(b) motion without oral argument.[9] Oseguera appealed to the Utah Supreme Court, and the Supreme Court transferred that appeal to this court. *See* Utah Code Ann. § 78–2–2(4) (1996).

## ISSUE AND STANDARD OF REVIEW

¶ 7 Oseguera asks this court to reverse the trial court's denial of her rule 60(b) motion. " 'A trial court has discretion in determining whether a movant has shown [rule 60(b) grounds], and this Court will reverse the trial court's ruling only when there has been an abuse of discretion.' " *Ostler v. Buhler*, 957 P.2d 205, 206 (Utah 1998) (quoting *Larsen v. Collina*, 684 P.2d 52, 54 (Utah 1984)).

## ANALYSIS

¶ 8 Rule 60(b), subsections (1) through (5), give a number of specific reasons for which a

**8.** Oseguera's motion purportedly relied on rule 60(b)(7); however, there is now no rule 60(b)(7) in the Utah Rules of Civil Procedure. Current subsection (6) was previously numbered as subsection (7), until a 1998 amendment to the rule eliminated former subsection (4), at which time the former subsection (7) became the current subsection (6). The trial court properly construed Oseguera's motion as a request for relief under rule 60(b)(6), and, given the rule's history, we of course do the same.

**9.** In the court's written ruling on Oseguera's rule 60(b)(6) motion, the trial court acknowledged "that the parties may not have been timely notified of its Memorandum Decision dated 2–29–00 affirming the Arbitrator's Award and denying Plaintiff's Motion for Summary Judgment" and "apologize[d] to the parties for any inconvenience that resulted." The court also stated, however, that "it [had] repeatedly denied requests to set additional pretrial conferences on the basis that judgment had already entered in the case," and that therefore "the parties cannot now claim that they were not aware of the Court's judgment, at least by May 2d."

We are unable to affirm the trial court's denial of Oseguera's rule 60(b)(6) motion on the basis relied on by the trial court. It is undisputed on appeal that there were no requests for pretrial conferences that were denied on the basis that "judgment had already entered in the case." Far from learning by May 2 that judgment had

party may be relieved from an adverse judgment.[10] Subsection 60(b)(6) then provides that "[o]n motion and upon such terms as are just, the court may in the furtherance of justice relieve a party . . . from a final judgment . . . for . . . any other reason justifying relief from the operation of the judgment." Utah R. Civ. P. 60(b)(6).

¶ 9 "The most common 'other reason' for which courts have granted relief [under rule 60(b)(6)] is when the losing party fails to receive notice of the entry of judgment in time to file an appeal." 11 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2864 (2d ed.1995). *See Tubbs v. Campbell*, 731 F.2d 1214, 1215–16 (5th Cir. 1984) (per curiam); *Buckeye Cellulose Corp. v. Braggs Elec. Constr.*, 569 F.2d 1036, 1038–39 (8th Cir.1978) (per curiam); *Expeditions Unlimited Aquatic Enters., Inc. v. Smithsonian Inst.*, 500 F.2d 808, 809–10 (D.C.Cir. 1974) (per curiam); *Radack v. Norwegian Am. Line Agency, Inc.*, 318 F.2d 538, 542–43 (2d Cir.1963).[11] However, in order to merit

been entered, it was on that date that the court, however inadvertently, misled the parties about the existence of the judgment by setting a scheduling conference and oral arguments for June 2, 2000.

**10.** Subsections (1) through (5) read:

On motion and upon such terms as are just, the court may in the furtherance of justice relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application. . . .
Utah R. Civ. P. 60(b)(1)-(5).

**11.** Our reliance on treatises and case law interpreting Federal Rule of Civil Procedure 60(b)(6) is well-founded. *See Winegar v. Slim Olson, Inc.*, 122 Utah 487, 491, 252 P.2d 205, 207 (1953) ("Since [the Utah Rules of Civil Procedure] were fashioned after the Federal Rules of Civil Procedure, it is proper that we examine decisions

relief from judgment under rule 60(b)(6) for lack of notice, the moving party must also have "shown diligence in trying to determine whether judgment had been entered" or have been "actually misled ... as to whether there had been entry of judgment." 12 James Wm. Moore et al., *Moore's Federal Practice* § 60.48[6][c] (3d ed.2002). *See, e.g., Tubbs,* 731 F.2d at 1215–16; *Buckeye,* 569 F.2d at 1038. Furthermore, the movant must file her rule 60(b)(6) motion within a reasonable time after learning of entry of the judgment. *See, e.g., Expeditions Unlimited,* 500 F.2d at 810.

¶ 10 Although we review rule 60(b) determinations under an abuse of discretion standard, *see Franklin Covey Client Sales, Inc. v. Melvin,* 2000 UT App 110, ¶ 9, 2 P.3d 451, there are situations where "the result [under rule 60(b)] is foreordained and it would be an abuse of discretion ... to deny relief." 11 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2857 (2d ed.1995). At least two federal circuits have held that when a party has lost the right to appeal because she was not notified of the entry of judgment against her, despite her diligent efforts to stay apprised of the status of her case, or because of being misled, "justice demands"

that she be afforded relief under rule 60(b)(6) in order to preserve her right to appeal. *Expeditions Unlimited,* 500 F.2d at 809. *Accord Buckeye,* 569 F.2d at 1038. We agree with this doctrine and thus conclude that denial of relief to Oseguera was an abuse of discretion.[12]

¶ 11 It is undisputed that Oseguera did not receive notice of the February 29, 2000, judgment until June 2, 2000. It is also clear that the parties were misled by the trial court setting a scheduling conference and oral arguments for June 2. Given that rule 4–504 would allay any reasonable concern that Oseguera was at risk that the court would rule on the summary judgment motion sua sponte, and in the absence of a proper request to submit for decision, there is no question that Oseguera was "actually misled" by the court, wholly aside from the eventual notice of hearing on motions already decided. Even if Oseguera should have anticipated the possibility that the court would act without a request to do so and without notice to the parties—as the dissent suggests is permitted by case law—Oseguera would have had no reason to fear the entry of judgment against her. As previously explained, Oseguera had

under the Federal Rules to determine the meanings thereof.").

We do note, however, that due to a 1991 amendment to rule 4(a) of the Federal Rules of Civil Procedure, federal law no longer allows for relief from a judgment under rule 60(b)(6) on grounds of lack of notice of the entry of judgment. *See Zimmer St. Louis, Inc. v. Zimmer Co.,* 32 F.3d 357, 359–61 (8th Cir.1994); 12 James Wm. Moore et al., *Moore's Federal Practice* § 60.48[6][c] (3d ed.2002). Federal rule 4(a)(6) now "explicitly deals with the situation of when a party has missed the deadline for filing an appeal because the clerk failed to give the notice required under [federal civil procedure r]ule 77(d)." Moore, § 60.48[6][c]. Because Utah has not adopted a rule analogous to federal rule 4(a)(6) and has no rule 77(d), we regard the treatise discussions and federal case law holdings regarding rule 60(b)(6) prior to 1991 as persuasive authority.

12. At first blush, an older Utah Supreme Court case, *In re Bundy's Estate,* 121 Utah 299, 241 P.2d 462 (1952), could seem contrary to our holding here. However, the case is easily distinguished. In *Bundy,* the "[a]ppellants' counsel was out of town and received no notice or copy of the findings from the Court Clerk who evidently failed to mail such notice and findings even to

counsel's local office." *Id.* at 309, 241 P.2d at 467. The appellants contended on appeal "that under these facts they should be relieved of their default ... under the provisions of Rule 60(b)[.]" *Id.* at 309–10, 241 P.2d at 467. The Supreme Court stated that "[t]his contention is not sound" and that the appellants' failure to file their post-judgment motions within the allowed time period "was not the fault of the court or its clerk." *Id.* at 310, 241 P.2d at 467.

The *Bundy* appellants expressly relied on subsection (1) of rule 60(b), rather than what is now subsection (6). *See id.* at 309–10, 241 P.2d at 467. Furthermore, the *Bundy* decision contains no facts indicating whether the appellants exercised diligence to stay apprised of the status of their case. *See id.* at 302–10, 241 P.2d at 464–67. Indeed, the Court's statement that the appellants' failure to file their post-judgment motions within the allowed time period "was not the fault of the court or its clerk," *id.* at 310, 241 P.2d at 467, suggests otherwise. Unlike in the instant case, nothing in the *Bundy* opinion suggests counsel would have been unaware that the court was about to enter a judgment. Conversely, in the instant case all the signals were to the contrary: a rule 56(f) motion was apparently still pending, neither party had requested that the motion for summary judgment be submitted for

sought judgment in her favor and Farmers had opposed that request, but Farmers had not at that juncture sought the entry of judgment in its favor. Thus, Oseguera had no reason to believe such a judgment could be forthcoming in view of what was before the court and no reason to check periodically to see if such an unrequested judgment had somehow been entered. *See* note 3, *supra.* Finally, given that she filed a good faith appeal within one month of learning of the February 29, 2000, judgment, and then filed her rule 60(b)(6) motion within seven weeks of final dismissal of that appeal,[13] we believe Oseguera's rule 60(b) motion was made within a reasonable time.

## CONCLUSION

¶ 12 When the trial court's mistakes—not counsel's—are the reason a judgment is improvidently entered and the entry goes undetected, even if it remains undetected for some time, the court should be anxious to do whatever needs to be done to fix the mistake as soon as it is called to the court's attention. It did not do so here. The trial court thus exceeded the bounds of sound discretion in denying Oseguera's motion under rule 60(b)(6) for relief from judgment. We therefore reverse the trial court's denial of that motion and remand for such proceedings as may now be appropriate.

¶ 13 I CONCUR: NORMAN H. JACKSON, Presiding Judge.

THORNE, Judge (dissenting):

¶ 14 I respectfully dissent from the majority's decision to reverse the trial court's order.

¶ 15 The trial court, perhaps unwisely, denied Oseguera's rule 60(b) motion.[1] Howev-

er, we must remember that " '[a]n appeal of a[r]ule 60(b) order addresses only the propriety of the denial or grant of relief. The appeal does *not,* at least in most cases, reach the merits of the underlying judgment from which relief was sought.' " *Franklin Covey Client Sales v. Melvin,* 2000 UT App 110, ¶ 19, 2 P.3d 451 (citation omitted). " '*Appellate review of [r]ule 60(b) orders must be narrowed in this manner lest [r]ule 60(b) become a substitute for timely appeals.*' " *Id.*

¶ 16 While I am sympathetic to Oseguera's position, she has failed to present even the most rudimentary argument supporting her appeal of the trial court's denial of her rule 60(b) motion. *See, e.g., Franklin Covey,* 2000 UT App 110 at ¶ 25, 2 P.3d 451 (refusing to address the defendant's rule 60(b) claim, stating "[appellant] has not even attempted to present 'mistakes' for which relief may be obtained under rule 60(b)(1)"). Instead, Oseguera argues only that the trial court improperly decided the legal merits of her underlying claim. Notwithstanding Oseguera's plea to consider her underlying claim, the merits are not properly before this court. In fact, the record clearly shows that Oseguera has already attempted to present this claim to the Utah Supreme Court, and the supreme court subsequently denied it as untimely. It is not now appropriate for this court to treat the claim in a different manner.

¶ 17 Further, had Oseguera properly presented an argument concerning the trial court's denial of her rule 60(b) motion, I would still affirm. We afford trial courts broad discretion in ruling on rule 60(b) motions and will disturb such rulings only in the face of an abuse of that discretion. *See Birch v. Birch,* 771 P.2d 1114, 1117 (Utah Ct.App.1989). While we have not addressed previously the effect that a failure to receive

---

decision, and the court eventually gave notice that a hearing would be held.

**13.** Oseguera's rule 60(b) motion clearly should have been filed sooner, but given rule 60(b)'s benchmark deadline of three months, *see* Utah R. Civ. P. 60(b) ("The motion shall be made within a reasonable time and for reasons (1), (2), or (3), not more than 3 months after the judgment, order, or proceeding was entered or taken."), we cannot say the delay was unreasonable under all the circumstances.

**1.** After the trial court granted summary judgment in favor of Farmers based solely on Oseguera's motion and failed to notify either side of the decision, Oseguera appealed to the Utah Supreme Court. However, because Oseguera's appeal was untimely, the court dismissed the appeal. Oseguera then filed her rule 60(b) motion in the trial court, which the trial court summarily denied. In its order, the trial court ruled that summary judgment had been decided properly and that the parties should have. known of the judgment.

notice has under our rule 60(b)(6), in the federal system, "[r]ule 60(b) relief is unavailable when the only reason for the failure to appeal is the lack of notice of the entry of judgment." *Tucker v. Commonwealth Land Title Ins. Co.*, 800 F.2d 1054, 1056 (11th Cir.1986).[2] Moreover, the validity of a judgment is not affected by a finding that a party has not received notice of the judgment, *see Workman v. Nagle Constr. Inc.*, 802 P.2d 749, 751 (Utah Ct.App.1990), and a party cannot use a rule 60(b) motion to avoid the consequences of failing to timely file an appeal. *See Franklin Covey*, 2000 UT App 110 at ¶¶ 23–25, 2 P.3d 451.

¶ 18 The only exception to this general prohibition, as correctly highlighted by the majority, is found when an "appellant has exercised due diligence to ascertain whether the judgment has been entered or has given sufficient reason for the lack of such diligence." *Spika v. Village of Lombard*, 763 F.2d 282, 285 (7th Cir.1985).[3] The majority interprets the second portion of this exception to include incidents where an appellant has been misled by the court. *See supra* ¶ 9; *see also Tubbs v. Campbell*, 731 F.2d 1214, 1215–16 (5th Cir.1984) (concluding that the trial court properly granted relief from judgment to the plaintiff after determining that the plaintiff had *diligently made inquiries* concerning the judgment and had been informed by the office of the court clerk that no judgment had been entered). I do not take issue with the adoption of this standard. I do, however, have reservations regarding the majority's application of this standard to the instant case.

¶ 19 Here, the majority concludes that Oseguera was "actually misled" by the trial court. The majority presents two "facts" to support this conclusion. First, the majority notes that Oseguera was "misled" when the trial court set a scheduling conference well after the judgment had been entered. Second, the majority concludes that the trial court "actually misled" Oseguera when it ruled on her summary judgment motion absent a notice to submit.

¶ 20 I disagree with this conclusion as well as the underlying premise that Oseguera demonstrated due diligence in this process. First, the trial court entered judgment on February 29, 2000. After that date, there is nothing in the record to support a conclusion that either Oseguera or her counsel contacted the trial court concerning either the motion or the status of the case. In fact, the only record contact between Oseguera and

---

2. Rule 60(b)(6), by its own terms, grants solely to the trial court, not the Court of Appeals, the equitable power to repair decisions that may be unfair to a party. *See* Utah R. Civ. P. 60(b)(6) ("On motion and upon such terms as are just, the [trial] court may *in the furtherance of justice* relieve a party ... from a final judgment, order, or proceeding ...." (emphasis added)). Here, assuming the majority's characterization of Oseguera's claim is correct, Oseguera argued that it was unjust for the trial court to grant summary judgment in favor of Farmers absent Farmers's cross-motion for summary judgment, its opposition to Oseguera's motion, and a notice to submit on one or both summary judgment motions. However, in ruling on Oseguera's 60(b) motion, the trial court clearly determined that the result would not have changed had the additional documents been submitted. Thus, the trial court implicitly determined that justice had been done and denied the motion, in essence finding that Oseguera had failed to satisfy the threshold requirement for 60(b) relief.

While I agree with the majority position that under certain circumstances the trial court can abuse its discretion, I believe those situations are very rare. *See, e.g., Tubbs v. Campbell*, 731 F.2d 1214, 1215–16 (5th Cir.1984). Moreover, this court should resist the urge to superimpose its judgment over that of the trial court merely because we disagree with the result reached. Decisions regarding 60(b) motions are at their very core decisions of equity, and not law. Absent extraordinary circumstances, the trial court is the only court in a position to properly assess the equities of these situations and determine whether justice will be furthered through the granting of a rule 60(b) motion.

3. Whether under federal rule 60(b) or 4(a)(6), relief for failure to receive notice is limited, discretionary, and left to the trial court to decide. *Compare Spika v. Village of Lombard*, 763 F.2d 282, 285 (7th Cir.1985) (affirming the trial court's denial of relief under rule 60(b)) *and Tubbs*, 731 F.2d at 1216 (affirming the trial court's grant of relief under rule 60(b)), *with Nowak v. INS*, 94 F.3d 390, 391 (7th Cir.1996) (affirming the trial court's denial of relief under rule 4(a)(6) and rule 60(b) and noting that rule 4(a)(6) of the Federal Rules of Civil Procedure commends to the discretion of the trial court the decision to extend the time for appeal in response to a motion filed within 180 days of the judgment if the losing party did not receive timely notice).

the trial court[4] came on April 28, 2000, more than two months after Farmers's filed a notice to submit concerning its rule 56(f) motion. The majority also relies on a May 2 minute entry setting a June 2 scheduling conference to support its determination that the court misled the parties. The conference was scheduled by a visiting judge, not the judge responsible for the summary judgment decision.[5] Therefore, there is insufficient information in the record to support the majority's conclusions that Oseguera acted with the required due diligence, or that she had been "actually misled."

¶ 21 Second, I believe that the majority's reliance on rules 4–501 and 4–504 of the Rules of Judicial Administration is misplaced. As we have stated, "[o]nce a motion is properly made, and other parties . . . have had the opportunity . . . to respond, the court may act at its convenience to decide the matter. *No notice to submit for decision under [r]ule 4–501 is required.*" *Scott v. Majors,* 980 P.2d 214, 217 (Utah Ct.App. 1999) (emphasis added). Here, it is undisputed that the trial court acted without a notice to submit on Oseguera's summary judgment motion, but, the court apparently determined that enough material had been presented to render a decision. While I probably would not have acted in a similar manner, the trial court clearly has the latitude to determine how to proceed in its own courtroom. *See Hartford Leasing Corp. v. State,* 888 P.2d 694, 702 (Utah Ct.App.1994). Accordingly, I see nothing to support the majority's conclusion that the trial court "actually misled" Oseguera.

¶ 22 Finally, we have long held to the principle that we will not consider issues that improperly " 'shift the burden of research and argument' " to this court. *Smith v. Smith,* 1999 UT App 370, ¶ 8, 995 P.2d 14 (citation omitted), *cert. denied,* 4 P.3d 1289 (Utah 2000). Oseguera's arguments on appeal were solely focused on issues not properly before this court, and she did nothing to develop an argument concerning the trial court's denial of her rule 60(b) motion. Therefore, she has shifted the burden of both argument and research to this court, forcing us to invest valuable resources to address this issue. Thus, were I to agree with the majority's analysis of the issue, I would still feel compelled to dismiss Oseguera's appeal.

¶ 23 While the trial court's actions were perhaps ill-advised, and while I acknowledge that I would have decided Oseguera's rule 60(b) motion differently, I do not believe this presents a sufficient basis to reverse the trial court's decision.[6] Oseguera failed to argue the underlying equities of her case, the one material issue left to her at this juncture, and in so failing, I do not believe we should address her claim. Moreover, while I believe that the majority has properly read a due diligence requirement into rule 60(b)(6), I do not believe that it has properly applied this requirement to these facts. I therefore dissent from the result reached by the majority and would instead affirm the trial court's decision.

**4.** I am giving Oseguera the benefit of the record, which merely states: "Motion/scheduling conference scheduled on June 2, 2000 at 9:30 AM." Neither party is identified as having requested the conference.

**5.** The judge who scheduled the conference was a visiting judge who may not have been familiar with the case. Thus, Oseguera was not divested of her due diligence obligation concerning her pending motion or the posture of Farmers's pending rule 56(f) motion. Moreover, Oseguera was aware that Farmers's notice to submit its 56(f) motion had been pending for well over 60 days, which should have put her on further notice of her responsibility to investigate the court's decision.

**6.** I share in the majority's concern with the trial court's actions in this matter. After sua sponte ordering summary judgment in favor of Farmers, the trial court failed to notify either party of the decision for at least three months, thereby precluding Oseguera from filing a timely appeal. While it is likely that Oseguera's underlying claim was destined to fail, I can discern no substantial reason for the trial court's decision to deny Oseguera's rule 60(b) motion. The court could have easily granted Oseguera's motion and then reentered the summary judgment decision at that time, thus permitting Oseguera the opportunity to pursue appellate review of her underlying claim.