**2013 UT App 34**

# THE UTAH COURT OF APPEALS

DOUGLAS BATES,

*Plaintiff and Appellant,*

*v.*

UTAH ASSOCIATION OF REALTORS, CHRISTOPHER KYLER, MARK STEINEGAL, CHARLES SMALLEY, SALT LAKE BOARD OF REALTORS, NORTHERN WASATCH ASSOCIATION OF REALTORS, WASATCH FRONT REGIONAL MLS, BRYAN A. KOHLER, MICHAEL J. OSTERMILLER, JILLINDA BOWERS, BRADY LONG, THOMAS JOHNSON, RANDALL WALL, AND SANDRA HOOVER,

*Defendants and Appellees.*

Memorandum Decision
No. 20120067-CA
Filed February 14, 2013

Third District, Salt Lake Department
The Honorable John Paul Kennedy
No. 110901893

Douglas Bates, Appellant Pro Se
Jeffrey J. Hunt, David C. Reymann, and Austin J. Riter,
Attorneys for Appellee Jillinda Bowers

Cass C. Butler, Michael D. Stanger, and Benjamin P. Harmon,
Attorneys for Appellee Wasatch Front Regional MLS

Ford G. Scalley and Bradley W. Madsen, Attorneys for Appellees
Bryan A. Kohler and Salt Lake Board of Realtors

Matthew M. Boley, Paxton R. Guymon, and
Lauren Parry Johnson, Attorneys for Appellees Brady Long and
Randall Wall

John E. Swallow and Stanford E. Purser, Attorneys for Appellees
Charles Smalley and Mark Steinegal

Kathryn J. Steffey, Daniel J. McDonald, and Kyle C. Fielding,
Attorneys for Appellees Christopher Kyler
and Utah Association of Realtors

Clay W. Stucki, Attorney for Appellee Thomas Johnson

Todd D. Weiler, Attorney for Appellees Sandra Hoover,
Northern Wasatch Association of Realtors,
and Michael J. Ostermiller

———————

JUDGE GREGORY K. ORME authored this Memorandum Decision,
in which JUDGES JAMES Z. DAVIS
and STEPHEN L. ROTH concurred.

———————

ORME, Judge:

¶1     Douglas Bates, without the assistance of legal counsel, initiated this action against a multitude of Defendants based on incidents and alleged wrongs that occurred shortly before or just after his real estate brokerage went out of business. In total, Bates pleaded nine causes of action in a seventy-four-page amended complaint that contained more than 400 paragraphs. After a number of the many Defendants filed motions to dismiss pursuant to rule 12 of the Utah Rules of Civil Procedure, the district court dismissed all nine claims. The district court concluded that pursuant to *Jensen v. Sawyers*, 2005 UT 81, 130 P.3d 325, claims one through four—all defamation or defamation-related claims—are barred by Utah's one-year statute of limitations for defamation actions. The court similarly concluded that claims five through nine are barred under *Jensen* because they arose from the same set of operative facts as the defamation claims. In the alternative, the district court held that those claims are barred by the *Noerr-Pennington* doctrine. *See generally R.A.V. v. City of St. Paul*, 505 U.S. 377, 420 (1992); *Anderson Dev. Co. v. Tobias*, 2005 UT 36, ¶ 26, 116 P.3d 323. Bates does not appeal the dismissal of claims one through four, but he does appeal the dismissal of claims five through nine.

¶2     In every appeal, the appellant bears the burden of demonstrating the validity of his arguments and his entitlement to relief. *See State v. Robison*, 2006 UT 65, ¶ 21, 147 P.3d 448 ("It falls squarely upon an appellant to surmount the filing, briefing, and

persuasion burdens associated with an appeal. Much of this has to do with the presumption of regularity. An appellant must do the heavy lifting because the law otherwise presumes that all was well below."). *See also State v. Green*, 2004 UT 76, ¶ 14, 99 P.3d 820 (observing that a "shotgun approach" to briefing is both unpersuasive and unhelpful); *Smith v. Smith*, 1999 UT App 370, ¶ 8, 995 P.2d 14 (noting that an appellant cannot shift the burden of research to the reviewing court). Bates wholly fails to persuade us that the district court erred in concluding that claims five through nine are barred by the applicable statute of limitations.

¶3     As noted, defamation claims in Utah are subject to a one-year statute of limitations. *See Jensen*, 2005 UT 81, ¶ 33. This unusually short limitations period is explained by the fact that defamation claims regularly collide with free speech interests and "always reside in the shadow of the First Amendment." *Id.* ¶ 50. The shorter time period in which "those making statements are exposed to legal challenges . . . reduc[es] the chilling effect on speech that may accompany the prospect of defending statements well beyond their shelf lives." *Id.* ¶ 55. To ensure that claims with defamation underpinnings are not recast and cleverly titled in order to sidestep the one-year limitations period, our Supreme Court has stated that "the statute of limitations for defamation governs claims based on the same operative facts that would support a defamation action." *Id.* ¶ 53.

¶4     Bates fails to persuade us that the trial court erred in concluding that, because they are based on the same operative facts as his defamation claims, claims five through nine are similarly time-barred. Bates's sole argument is that "there is much conduct which cannot be related to, or characterized as defamatory statements." He does not, however, identify what that conduct is or where those facts were pleaded. Instead, he references the entirety of his statement of facts and his 400-paragraph amended complaint. He apparently relies on incorporations by reference and conclusory statements couched as facts and, in essence, invites us to sift through his voluminous complaint and hunt for pleaded

facts that establish that his remaining causes of action are sufficiently distinct from his defamation claims. And because Bates has not provided any substantive analysis as to why the operative facts underlying claims five through nine are not fundamentally the same as those underlying claims one through four—which they appear to be—we simply have not been persuaded that claims five through nine are not also subject to the one-year statute of limitations for defamation actions, as the district court concluded.

¶5    Affirmed.

––––––––––