**2015 UT App 270**

## THE UTAH COURT OF APPEALS

MICHELLE CRANE-JENKINS,
Appellee,
*v.*
MIKAROSE, LLC AND MICHAELLA LAWSON,
Appellants.

Opinion
No. 20140940-CA
Filed November 12, 2015

Fourth District Court, Provo Department
The Honorable David N. Mortensen
No. 130401718

Andrew W. Stavros and Austin B. Egan, Attorneys
for Appellants

Robert C. Avery, Nathan E. Burdsal, and Hutch U.
Fale, Attorneys for Appellee

JUDGE J. FREDERIC VOROS JR. authored this Opinion, in which
JUDGES GREGORY K. ORME and JOHN A. PEARCE concurred.

VOROS, Judge:

¶1    This appeal turns on whether a motion made under Utah Rule of Civil Procedure 60(b) and filed 197 days after entry of a default judgment was made within a reasonable time. Notwithstanding the movants' explanations for their delay, the district court ruled the motion untimely. This ruling did not exceed the district court's broad discretion. We therefore affirm.

BACKGROUND

¶2    Michelle Crane-Jenkins sued her former employer, Mikarose LLC, for unpaid overtime wages. She sought $1,000 in

unpaid wages plus liquidated damages, interest, and attorney fees. The complaint named as defendants Mikarose and its owners, Michaella Lawson and Brad Lawson.

¶3    All three defendants were served on November 12, 2013. Under rule 12(a) of the Utah Rules of Civil Procedure, they had 20 days to answer. *See* Utah R. Civ. P. 12(a) (2013)(amended 2014). Brad Lawson filed a pro se answer one day late, on December 3, 2013. Neither Michaella Lawson nor Mikarose answered the complaint at that point.

¶4    On December 9, 2013, the district court entered a default judgment against all three defendants. On December 18, 2013, Brad Lawson, again acting pro se, filed a motion to set aside or amend the default judgment as to all defendants. Crane-Jenkins opposed the motion as to Michaella Lawson and Mikarose. She argued that neither had answered the complaint, because Brad Lawson, a non-lawyer, could not represent them. Michaella Lawson then filed a pro se answer on January 13, 2014. Mikarose never answered.

¶5    On January 17, 2014, an attorney entered an appearance as counsel for Michaella Lawson, Brad Lawson, and Mikarose. He withdrew as counsel two weeks later. Two days after that—and 58 days after the default judgment was entered—a second attorney entered an appearance. This second attorney represented all three defendants at a March 19, 2014, hearing on Brad Lawson's pro se motion to set aside the default judgment. The second attorney argued that Brad Lawson's pro se motion should apply to all three defendants. The district court rejected this argument.[1] It set aside the default judgment against Brad Lawson but ruled that Michaella Lawson and Mikarose would

---

1. Michaella Lawson and Mikarose do not challenge this ruling on appeal.

"need to file an entirely separate rule 60(b) motion" within 10 days.[2]

¶6     Forty days later, the second attorney filed a rule 60(b) motion on behalf of Michaella Lawson and Mikarose. The motion asked the court to set aside the judgment under subsections (1) and (6) of rule 60(b). The court set the matter for hearing, but the second attorney did not appear at that hearing. The district court denied the motion as untimely, concluding that the motion was filed after the 90-day deadline for rule 60(b)(1) claims had expired. And of course the motion missed the 10-day deadline imposed by the court at the March 19, 2014, hearing.

¶7     Two weeks later, a third attorney entered an appearance for Michaella Lawson and Mikarose. This attorney filed a second rule 60(b) motion, this time under subsections (4) and (6) only. He filed the motion 197 days after entry of the default judgment. The district court denied the motion on the ground that it was both untimely and barred by the law of the case. Michaella Lawson and Mikarose appeal from this order.

ISSUES AND STANDARD OF REVIEW

¶8     Michaella Lawson and Mikarose raise three claims of error on appeal. All concern the district court's denial of their second rule 60(b) motion. First, they contend that the district court incorrectly ruled the motion untimely. Second, they contend that "multiple bases for relief" exist under rule 60(b) to set aside the default judgment. Finally, they contend that the district court incorrectly ruled that the motion was barred by the law of the case. Because we conclude that the district court did

---

2. The district court later dismissed Brad Lawson from the case.

not abuse its discretion in denying the motion as untimely, we need not reach the second and third claims.

¶9    A "district court has broad discretion in ruling on a motion to set aside an order of judgment under rule 60(b), and [t]hus, we review a district court's denial of a 60(b) motion under an abuse of discretion standard." *Utah Res. Int'l, Inc. v. Mark Techs. Corp.*, 2014 UT 60, ¶ 11, 342 P.3d 779 (alteration in original) (citation and internal quotation marks omitted).

ANALYSIS

¶10    Utah Rule of Civil Procedure 60(b) provides relief from a judgment or order for reasons including mistake, inadvertence, excusable neglect, fraud, and "any other reason justifying relief from the judgment." Utah R. Civ. P. 60(b). "To set aside a judgment pursuant to rule 60(b), the moving party 'must show that the judgment was entered against him through excusable neglect (or any other reason specified in rule 60(b)),' and 'he must also show that his motion to set aside the judgment was timely, and that he has a meritorious defense to the action.'" *Weber v. Mikarose, LLC*, 2015 UT App 130, ¶ 12, 351 P.3d 121 (quoting *Erickson v. Schenkers Int'l Forwarders, Inc.*, 882 P.2d 1147, 1148 (Utah 1994)).

¶11    Michaella Lawson and Mikarose contend that the district court abused its discretion in ruling their second rule 60(b) motion untimely. The district court concluded that the "six-and-a-half months" Michaella Lawson and Mikarose "waited to file their Second Rule 60(b) Motion was not a 'reasonable time' as required by Rule 60(b)(4) and Rule 60(b)(6)."[3]

---

3. Although the motion at issue relied only on subsections (4) and (6) of rule 60(b), the district court noted incidentally that

(continued…)

¶12    Michaella Lawson and Mikarose first contend that despite the 197-day delay, they filed their second rule 60(b) motion within a "reasonable time." A rule 60(b) motion must "be made within a reasonable time." Utah R. Civ. P. 60(b). This standard requires that a party "acted diligently once the basis for relief became available, and that the delay in seeking relief did not cause undue hardship to the opposing party." *Workman v. Nagle Constr., Inc.*, 802 P.2d 749, 752 (Utah Ct. App. 1990) (citation and internal quotation marks omitted). "Under rule 60(b), a reasonable time 'depends upon the facts of each case, considering such factors as the interest in finality, the reason for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties.'" *Menzies v. Galetka*, 2006 UT 81, ¶ 65, 150 P.3d 480 (quoting *Gillmor v. Wright*, 850 P.2d 431, 435 (Utah 1993)).

¶13    The district court entered the default judgment on December 9, 2013. Brad Lawson, a non-lawyer, filed his pro se rule 60(b) motion nine days later, purporting to represent all three defendants. Michaella Lawson later stated that she believed that Brad Lawson's motion protected her interests; it follows that she was aware of the entry of the default judgment and the filing of Brad Lawson's motion. Through its owners Brad and Michaella Lawson, Mikarose also had knowledge of these facts.

---

(…continued)
Michaella Lawson and Mikarose also filed it "well beyond the 90 days allowed under subsections (1), (2), and (3) of Rule 60(b)." *See* Utah R. Civ. P. 60(b) (explaining that if a rule 60(b) motion is made under subsections (1), (2), or (3), the motion must be made "not more than 90 days after the judgment, order, or proceeding was entered or taken").

¶14    Thirty-nine days after entry of the default judgment, Michaella Lawson and Mikarose retained counsel. Fifty-eight days after entry of the default judgment, their second attorney entered an appearance. The record does not indicate the reason for this 58-day delay. In any event, Michaella Lawson and Mikarose continued to rely on Brad Lawson's pro se motion. When the district court determined that the pro se motion applied only to Brad Lawson, it instructed Michaella Lawson and Mikarose to "file an entirely separate rule 60(b) motion" within 10 days.

¶15    They did not do so. Forty days after the hearing on the pro se motion, Michaella Lawson and Mikarose jointly filed their first rule 60(b) motion through counsel. The record does not indicate the reason for this 40-day delay. The district court denied the motion as untimely under rule 60(b)(1)'s 90-day limit. Michaella Lawson and Mikarose retained new counsel, who filed the motion at issue here under rule 60(b)(4) and (6). That attorney filed this motion 14 days after the denial of the rule 60(b)(1) motion and 197 days after entry of the default judgment. The record does not indicate the reason for any of these delays.

¶16    Michaella Lawson and Mikarose argue on appeal that a 197-day delay "is not per se unreasonable as a matter of law." In support of their argument, they cite this court's opinion in *Oseguera v. Farmers Insurance Exchange*, 2003 UT App 46, 68 P.3d 1008. But whether the delay was "per se unreasonable as a matter of law" misses the mark. The district court did not rule that a 197-day delay was per se unreasonable, but that given the facts of this case, Michaella Lawson and Mikarose did not file the motion within a reasonable time. On appeal we assess whether that ruling exceeded the district court's discretion.

¶17    In *Oseguera*, we determined that, despite filing 121 days after the district court entered a sua sponte judgment, "Oseguera's rule 60(b) motion was made within a reasonable

time." *Id.* ¶ 11. However, in that case, the district court provided Oseguera no notice that a judgment had been entered against her and she had no reason to expect that a judgment would be forthcoming. *Id.* After receiving notice more than three months after the judgment, Oseguera demonstrated due diligence by filing a good faith appeal within one month's time and then a rule 60(b) motion to set aside the judgment within seven weeks of the final dismissal of that appeal. *Id.*

¶18   Unlike Oseguera, Michaella Lawson and Mikarose received timely notice of the default judgment entered against them. And unlike Oseguera, they had reason to expect a default judgment would be forthcoming. Yet they did not file their second rule 60(b) motion for 197 days. The district court did not abuse its broad discretion in ruling the rule 60(b) motion untimely under these circumstances.

¶19   Michaella Lawson and Mikarose also argue that their delay in filing the second rule 60(b) motion is a result of the "gross negligence" of their second attorney. They cite *Menzies v. Galetka* for the principle that "relief under 60(b)(6) may . . . be sought where a lawyer's performance is grossly negligent," 2006 UT 81, ¶ 101, 150 P.3d 480, and that "a client should not be held liable for the attorney's actions where those actions are grossly negligent," *id.* ¶ 104. "When relief is sought on these grounds under rule 60(b)(6), the client is seeking relief on the basis that his or her attorney display[ed] neglect so gross that it is inexcusable." *Id.* ¶ 77 (alteration in original) (citation and internal quotation marks omitted).

¶20   *Menzies* does not control this case. Michaella Lawson and Mikarose rightly note that the supreme court held that Menzies was "entitled to relief under rule 60(b)(6) due to [his counsel's] ineffective assistance of counsel and gross negligence." *Id.* ¶ 61. But the supreme court also later observed, "Our subsequent

cases have essentially limited *Menzies* to its facts." *Honie v. State*, 2014 UT 19, ¶ 91, 342 P.3d 182.[4]

¶21   The facts before us bear little resemblance to those in *Menzies.* Unlike the $1,000 default judgment Michaella Lawson and Mikarose were facing, Menzies was facing a death sentence. *See Menzies*, 2006 UT 81, ¶ 4. In addition, Menzies timely filed his rule 60(b) motion (though without the required memorandum) within the (then three-month) time limit prescribed by the rule and "within a reasonable time under the circumstances." *Id.* ¶ 64. Michaella Lawson and Mikarose filed their rule 60(b) motion 197 days after the court entered the default judgment. Menzies's counsel "virtually abandoned his client" and misled Menzies about the procedural posture of the case, "the result being that Menzies was not fully aware of [his attorney's] failures until

---

4. Only one non-capital case, *Harrison v. Thurston*, has applied *Menzies*' "gross negligence" standard. *See* 2011 UT App 231, 258 P.3d 665. There, two weeks before the defendant filed a motion to dismiss for failure to prosecute, Harrison's attorney was "suspended from the practice of law for unrelated conduct, his law practice was essentially closed, and 500 or so case files [including Harrison's] were transferred by court order to a third-party trustee who was to return the files to [the attorney's] clients." *Id.* ¶ 3. "Additionally, the record does not indicate whether Harrison was even aware of [the] motion to dismiss during the relevant time frame." *Id.* ¶ 12. On appeal this court determined that "the factual basis on which the court denied Harrison's motion was clearly erroneous and the denial an abuse of discretion." *Id.* ¶ 13. In light of the "unique facts and circumstances of this case," this court declined to impute to Harrison her suspended attorney's negligence. *Id.* ¶¶ 13, 12 n.10. Finally, the court emphasized that its opinion addressed subsection (1), not subsection (6), of rule 60(b). *Id.* ¶ 6 n.7. *Harrison* does not control the present case.

years after they occurred." *Id.* ¶ 105. In contrast, the record here says little concerning communications between counsel and clients during the periods of delay. Michaella Lawson and Mikarose's second attorney appears to have misled them concerning one contact with the court, but his conduct did not compare to that of Menzies's counsel. Menzies's counsel "not only failed to provide Menzies with any meaningful representation, but in fact willfully disregarded nearly every aspect of [his] case." *Id.* ¶ 24. Michaella Lawson and Mikarose allege nothing similar here.[5]

¶22 In sum, the district court did not abuse its broad discretion in concluding that Michaella Lawson and Mikarose's second rule 60(b) motion was untimely. While rule 60(b) requires parties to file motions based on subsections (4) through (6) only within a "reasonable time," a court may determine that 197 days exceeds the "reasonable time" requirement if the court finds that the parties did not act diligently once the basis for relief became available. Furthermore, while gross negligence by counsel may serve as a basis for rule 60(b)(6) relief in rare instances—usually involving capital cases—that principle has no application here.

CONCLUSION

¶23 The judgment of the district court is affirmed.

_____

---

5. In addition, the supreme court ruled that Menzies's counsel's gross negligence served as a substantive ground for relief under rule 60(b), *see Menzies v. Galetka*, 2006 UT 81, ¶ 61, 150 P.3d 480, not as justification for a late-filed rule 60(b) motion as Michaella Lawson and Mikarose urge here, *see id.* ¶ 69.