**2016 UT App 71**

# THE UTAH COURT OF APPEALS

MICHELLE CRANE-JENKINS,
Appellee,
*v.*
MIKAROSE, LLC AND MICHAELLA LAWSON,
Appellants.

Memorandum Decision
No. 20150225-CA
Filed April 7, 2016

Fourth District Court, Provo Department
The Honorable David N. Mortensen
No. 130401718

Andrew W. Stavros and Austin B. Egan, Attorneys
for Appellants

Robert C. Avery and Nathan E. Burdsal, Attorneys
for Appellee

JUDGE J. FREDERIC VOROS JR. authored this Memorandum
Decision, in which JUDGE KATE A. TOOMEY and SENIOR JUDGE
PAMELA T. GREENWOOD concurred.[1]

VOROS, Judge:

¶1     Michaella Lawson and Mikarose, LLC appeal the district court's award of attorney fees to augment the default judgment affirmed in *Crane-Jenkins v. Mikarose, LLC*, 2015 UT App 270. We affirm in part, reverse in part, and remand to the district court for further proceedings consistent with this decision.

---

1. Senior Judge Pamela T. Greenwood sat by special assignment as authorized by law. *See generally* Utah R. Jud. Admin. 11-201(6).

¶2     The district court entered a default judgment against Mikarose, Michaella Lawson, and Brad Lawson on December 9, 2013. *Id.* ¶ 4. The district court awarded Michelle Crane-Jenkins attorney fees under the federal Fair Labor Standards Act, 29 U.S.C. § 216 (2012). That statute provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff . . . , allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Id.* Accordingly, the district court "awarded all costs and attorney fees associated with the collection of the [default] judgment."

¶3     Brad Lawson, a non-lawyer, filed a motion to set aside or amend the default judgment as to all defendants. *Crane-Jenkins*, 2015 UT App 270, ¶ 4. The district court set aside the default judgment against Brad Lawson, but left in place the judgment against Michaella Lawson and Mikarose. *Id.* ¶ 5. Over the next ten months, the parties filed numerous motions in relation to the default judgment. The court ultimately dismissed Brad Lawson from the case, *id.* ¶ 5 n.2, and rejected as untimely Michaella Lawson's and Mikarose's motions to set aside the default judgment against them, *id.* ¶¶ 6–7. Crane-Jenkins then filed a motion to augment the default judgment with attorney fees and costs incurred after entry of the default judgment. The court awarded Crane-Jenkins an additional $25,192.50 in attorney fees, $107 in costs, and $246.53 in interest. Michaella Lawson and Mikarose challenge that award as unreasonable.

¶4     "The trial court enjoys broad discretion in determining what constitutes a reasonable fee, and we consequently review that determination under an abuse-of-discretion standard." *Griffin v. Cutler*, 2014 UT App 251, ¶ 25, 339 P.3d 100. "Under this standard, a district court's ruling will not be reversed unless it was beyond the limits of reasonability or not based on an evaluation of the evidence." *Strohm v. ClearOne Commc'ns, Inc.*, 2013 UT 21, ¶ 52, 308 P.3d 424 (citations and internal quotation marks omitted).

¶5 "'An award of attorney fees must be based on the evidence and supported by findings of fact.'" *Griffin*, 2014 UT App 251, ¶ 28 (quoting *Cottonwood Mall Co. v. Sine*, 830 P.2d 266, 268 (Utah 1992)). In determining a reasonable fee, "as a practical matter the trial court should find answers to four questions":

1. What legal work was actually performed?
2. How much of the work performed was reasonably necessary to adequately prosecute the matter?
3. Is the attorney's billing rate consistent with the rates customarily charged in the locality for similar services?
4. Are there circumstances which require consideration of additional factors, including those listed in the Code of Professional Responsibility?

*Dixie State Bank v. Bracken*, 764 P.2d 985, 990 (Utah 1988). The district court "must make an independent evaluation of the reasonableness of the requested fees in light of the parties' evidentiary submissions." *Foote v. Clark*, 962 P.2d 52, 55 (Utah 1998). "It is important to note that with this analysis, what an attorney bills or the number of hours spent on a case is not determinative." *Dixie State Bank*, 764 P.2d at 990. "'The amount of the damages awarded in a case does not place a necessary limit on the amount of attorney[] fees that can be awarded.'" *Id.* (quoting *Cabrera v. Cottrell*, 694 P.2d 622, 625 (Utah 1985)).

¶6 Michaella Lawson and Mikarose contend that the district court abused its discretion when it determined the additional attorney fees were reasonably necessary. They next contend that the district court did not enter findings of fact sufficient to support the additional attorney fee award. They also contend that the court erred when it awarded attorney fees related to Brad Lawson and fees related to discovery activities. Finally,

they contend that Crane-Jenkins's attorney's affidavit did not comply with rule 73 of the Utah Rules of Civil Procedure.

## I. Reasonably Necessary Fees

¶7    Michaella Lawson and Mikarose contend that "the default judgment in the case at bar limits attorney's fees and costs to those that are associated with the collection of the instant judgment." They identify attorney fees for five "activities that were unreasonable and had no relation to collecting on the default judgment." They identify fees for another five activities which they argue "were unreasonable in relation to the work allegedly performed."

¶8    As an initial matter, we must determine whether Michaella Lawson and Mikarose adequately preserved the issue for appeal. *See Ellis v. Swensen*, 2000 UT 101, ¶ 15, 16 P.3d 1233. "An issue is preserved for appeal only if it was 'presented to the trial court in such a way that the trial court [had] an opportunity to rule on [it].'" *Wohnoutka v. Kelley*, 2014 UT App 154, ¶ 4, 330 P.3d 762 (alterations in original) (quoting *438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801). "Merely mentioning an issue does not preserve it; the issue must be specifically raised, with relevant legal authority, in a manner that alerts the court to the need to correct the error." *Brady v. Park*, 2013 UT App 97, ¶ 38, 302 P.3d 1220. When more than one party raises an issue on appeal, "[o]ne party cannot assign as error a ruling against a different party where the appealing party reserved no exception." *Godesky v. Provo City Corp.*, 690 P.2d 541, 548 (Utah 1984). "We will not address the merits of an argument that has not been preserved absent either plain error or exceptional circumstances." *Duke v. Graham*, 2007 UT 31, ¶ 28, 158 P.3d 540.

¶9    Michaella Lawson preserved this issue as to her. Acting pro se, she filed an opposition to Crane-Jenkins's motion for augmented judgment. She asked the district court "to review the actions" of Crane-Jenkins's attorney in order to determine "if he

pursued this case in a reasonable manner and in the best interest of his client." She also argued that Crane-Jenkins should not be awarded attorney fees for a number of tasks that Michaella Lawson alleged were "not consistent with work reasonably necessary."

¶10   Mikarose, however, stands on different footing. Mikarose did not oppose the motion for augmented judgment, join in Michaella Lawson's opposition, or otherwise object to the attorney fees. In fact, the district court noted that "[t]he only party opposing the motion to augment judgment is Michaella Lawson. Mikarose, LLC has not responded." On appeal, Michaella Lawson and Mikarose argue that although "Mikarose filed no opposition, the issue of the reasonableness of [attorney] fees was unquestionably preserved for appellate review." But the passive construction of that sentence masks the pivotal fact that Michaella Lawson, a non-lawyer, preserved the issue for herself, but did not and could not preserve the issue for Mikarose. *See Godesky*, 690 P.2d at 548. Because Mikarose did not preserve the issue, we will not consider the issue as it applies to Mikarose "absent either plain error or exceptional circumstances." *See Duke*, 2007 UT 31, ¶ 28.

¶11   Michaella Lawson and Mikarose argue that "[e]ven if this Court concludes that Mikarose did not properly preserve its right to challenge fees on appeal, trial courts must make an independent evaluation of the reasonableness of the requested fees in light of the evidentiary submissions." (Citing *Griffin v. Cutler*, 2014 UT App 251, ¶ 28, 339 P.3d 100.) Mikarose does not, however, argue that the district court in this case failed to do so. Further, we conclude that the district court did "make an independent evaluation of the reasonableness of the requested fees." *See Griffin*, 2014 UT App 251, ¶ 28 (citation and internal quotation marks omitted).

¶12    "The trial court 'must make an independent evaluation of the reasonableness of the requested fees in light of the parties' evidentiary submissions.'" *Id.* (quoting *Foote v. Clark*, 962 P.2d 52, 55 (Utah 1998)). "Factors such as those outlined in *Dixie State Bank* 'should inform the court's meaningful appraisal.'" *Id.* (quoting *Foote*, 962 P.2d at 55). Here, although the district court's findings are somewhat sparse, the court considered the *Dixie State Bank* factors, including "[h]ow much of the work performed was reasonably necessary to adequately prosecute the matter." *See Dixie State Bank v. Bracken*, 764 P.2d 985, 990 (Utah 1988); *see also Griffin*, 2014 UT App 251, ¶¶ 30–31. In its ruling, the district court found that the legal work completed by Crane-Jenkins's attorney "was, in part, reasonably necessary to adequately prosecute this matter." The court determined that "it [was] reasonable" for Crane-Jenkins to "defend[] the judgment [she] had already obtained" and therefore "the fees [were] reasonable because they were incurred in responding to the motions initiated" by Michaella Lawson. Furthermore, the court excluded certain fees it determined were not appropriate in collecting or defending the default judgment. Accordingly, the district court did not abuse its discretion in determining that the attorney fees as a whole were reasonably necessary to collect on the default judgment.

¶13    Michaella Lawson and Mikarose argue that attorney fees allocated to five identified activities "were unreasonable and had no relation to collecting on the default judgment." And they identify fees for another five activities which they argue "were unreasonable in relation to the work allegedly performed." These claims are inadequately briefed. "Briefs must contain reasoned analysis based upon relevant legal authority. An issue is inadequately briefed when the overall analysis of the issue is so lacking as to shift the burden of research and argument to the reviewing court." *State v. Sloan*, 2003 UT App 170, ¶ 13, 72 P.3d 138 (citation and internal quotation marks omitted). Michaella Lawson and Mikarose do not provide any "citations to the

authorities" as required by Utah Rule of Appellate Procedure 24. We therefore decline to address each and every specific attorney fee entry.

¶14    Even so, we have reviewed these entries and are not persuaded that the district court abused its discretion in finding them reasonably necessary. For example, Michaella Lawson and Mikarose complain that Crane-Jenkins's attorney's "phone call with 'opposing counsel' on January 22, 2014 is . . . unrelated to collections" and cannot be accurate because they had not yet hired their second attorney. But Crane-Jenkins responds—and the record shows—that Michaella Lawson and Mikarose did have counsel on that date. *See Crane-Jenkins v. Mikarose, LLC*, 2015 UT App 270, ¶ 5. And it would be reasonable for Crane-Jenkins's attorney to contact opposing counsel to discuss the case.

¶15    Similarly, Michaella Lawson and Mikarose complain that Crane-Jenkins's attorney "billed 1.3 hours" for a hearing which "lasted three minutes." Crane-Jenkins responds that her attorney arrived 20 minutes before the scheduled hearing, that the hearing started "significantly" later than scheduled because Michaella Lawson's and Mikarose's attorney failed to attend the hearing, and that Crane-Jenkins's attorney stayed after the hearing to discuss the case with her. All of these actions were reasonably necessary legal work.

## II. Findings of Fact

¶16    Michaella Lawson and Mikarose next contend that "the district court committed plain error by omitting findings of fact sufficient to support its conclusion that [Crane-Jenkins's counsel's] fees were reasonable." To establish plain error, "the appellant must show the following: (i) An error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful, i.e., absent the error, there is a reasonable likelihood of a more favorable outcome for the appellant." *State v. Dunn*, 850 P.2d 1201, 1208 (Utah 1993).

¶17    Michaella Lawson and Mikarose argue that the district court made "only three findings of fact": that the default judgment was entered, that Crane-Jenkins filed a motion to augment the default judgment, and that Michaella Lawson and Mikarose satisfied the default judgment. This summary ignores the findings made by the district court in its ruling on the motion to augment the default judgment. There the court noted "that the great majority of the fees claimed arose from [Crane-Jenkins's] responding to motions filed by" Michaella Lawson. The court found, in accordance with the *Dixie State Bank* analysis, "that the legal work was actually performed," that "the legal work was . . . reasonably necessary to adequately prosecute this matter," and that the "attorney's billing rates are consistent with those customarily charged in this locality for similar services." Although sparse, these findings were not obviously insufficient to support the district court's conclusion that additional attorney fees were reasonable. Accordingly, appellants' plain error challenge fails.

### III. Fees Related to Brad Lawson

¶18    Michaella Lawson and Mikarose contend that the district court "abused its discretion by awarding Crane-Jenkins fees for activities related to Brad Lawson." They argue that Crane-Jenkins "was . . . required to allocate fees in connection with Brad Lawson and omit such fees from her request for an augmented judgment" against Michaella Lawson and Mikarose. We agree that Michaella Lawson and Mikarose cannot be charged with fees incurred exclusively in litigating against Brad Lawson and accordingly reduce Crane-Jenkins's award of attorney fees by $2,917.50.

¶19    In her opposition to Crane-Jenkins's motion for augmented judgment, Michaella Lawson specifically challenged the reasonableness of fees incurred by Crane-Jenkins in litigating exclusively against Brad Lawson. However, her preservation of

the issues does not extend to Mikarose. We reiterate that Mikarose failed to preserve all issues on appeal. *Supra* ¶ 10. Because Mikarose did not preserve the issue, we will not consider the issue as it applies to Mikarose "absent either plain error or exceptional circumstances." *See Duke v. Graham*, 2007 UT 31, ¶ 28, 158 P.3d 540.

¶20 Michaella Lawson and Mikarose argue that the district court erred when it awarded Crane-Jenkins fees "for work that pertained directly to [Brad] Lawson"; that under established law the court should have "required [Crane-Jenkins] to allocate fees in connection with Brad Lawson"; and that without the error, the court would have omitted the fees related to Brad Lawson from the judgment. *See Dunn*, 850 P.2d at 1208. We agree.

¶21 Our supreme court has "mandated that a party seeking fees must allocate its fee request according to its underlying claims." *Foote v. Clark*, 962 P.2d 52, 55 (Utah 1998). A party seeking attorney fees "must 'categorize the time and fees expended for (1) successful claims for which there may be an entitlement to attorney fees, (2) unsuccessful claims for which there would have been entitlement to attorney fees had the claims been successful, and (3) claims for which there is no entitlement to attorney fees.'" *Reighard v. Yates*, 2012 UT 45, ¶ 41, 285 P.3d 1168 (quoting *Foote*, 962 P.2d at 55). "Claims must also be categorized according to the various opposing parties." *Foote*, 962 P.2d at 55. "A court cannot award all attorney fees requested if they have not been allocated as to separate claims [and parties], but may deny attorney fees altogether for failure to allocate." *Reighard*, 2012 UT 45, ¶ 41. The court's "findings should mirror the requesting party's allocation of fees per claims and parties and should support any award issued." *Foote*, 962 P.2d at 55.

¶22 Crane-Jenkins does not dispute the legal principle underlying this claim. In fact, in a declaration in support of her

motion for augmented judgment, her attorney stated, "The work performed and described herein . . . excludes work directly related to Brad Lawson and his numerous attempts to oppose Plaintiff's dismissal [of Brad Lawson] from this case." Her attorney attached to the declaration a "Time Ticket Daily Report" listing tasks and the associated attorney fees. Michaella Lawson and Mikarose argue that "despite [counsel's] statements, and despite the requirement that he allocate his fees, [counsel's] request for fees specifically included several activities directly related to Brad Lawson." Specifically they point to entries related to Brad Lawson's rule 60(b) motion and counterclaim. They argue that the attorney fees awarded in the augmented judgment should be reduced by $4,630. Crane-Jenkins argues that because Brad Lawson's motions and claims would have benefited Michaella Lawson and Mikarose, the court properly awarded the related attorney fees.

¶23    We agree in part with Michaella Lawson and Mikarose that, without the required "allocation of fees per claims and parties," *see id.*, the district court erred in awarding attorney fees against Michaella Lawson and Mikarose for claims involving only Brad Lawson. However, we do not agree that Michaella Lawson and Mikarose have shown those fees to be $4,630. The record supports this claim to the extent of $2,917.50. Accordingly, we reverse and remand to the district court to reduce the fee award by $2,917.50. This reduction includes $715 for fees relating to Brad Lawson's rule 60(b) motion, $2,017.50 for fees relating to responding to Brad Lawson's counterclaim, and $185 for fees relating to orders specific to Brad Lawson.

## IV. Fees Related to Discovery

¶24    Michaella Lawson and Mikarose next argue that the district court "abused its discretion when it awarded Crane-Jenkins attorney's fees associated with discovery activities." They argue that "there are only two possibilities" to explain the

attorney fees related to discovery: either Crane-Jenkins's attorney "was sending [discovery] requests to Defendants against whom a judgment had already been entered" or he "was sending these discovery materials to Brad Lawson."

¶25 Neither Michaella Lawson nor Mikarose preserved this issue. "To properly preserve an issue for appellate review, the issue must be raised in the district court. Additionally, the issue must be specifically raised, in a timely manner, and must be supported by evidence and relevant legal authority." *Donjuan v. McDermott*, 2011 UT 72, ¶ 20, 266 P.3d 839 (citation omitted).

¶26 Michaella Lawson and Mikarose have not identified a point in the record where they presented this argument to the district court. *See* Utah R. App. P. 24(a)(5) (requiring an appellant's brief to provide either a "citation to the record showing that the issue was preserved in the trial court" or a "statement of grounds for seeking review of an issue not preserved"). Nor has our review of the record, including Michaella Lawson's memorandum in opposition to the augmented judgment, discovered their preservation of this claim. *See Wohnoutka v. Kelley*, 2014 UT App 154, ¶ 6, 330 P.3d 762 ("An appellate court should not be asked to scour the record to save an appeal by remedying the deficiencies of an appellant's brief. We have nonetheless reviewed the record designated on appeal . . . ." (citation omitted)). Because Michaella Lawson and Mikarose did not raise the issue in the district court, they did not preserve it. Because they did not preserve it, we decline to consider it. *See Hale v. Big H Constr., Inc.*, 2012 UT App 283, ¶ 55, 288 P.3d 1046.

## V. Attorney's Affidavit

¶27 Michaella Lawson and Mikarose argue that Crane-Jenkins's attorney's affidavit supporting the augmentation of attorney fees does not comply with Utah Rule of Civil Procedure 73. Neither Michaella Lawson nor Mikarose raised this issue

below. It is therefore unpreserved. *See 438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801. And they do not argue plain error or exceptional circumstances as it applies to the attorney's affidavit. *See State v. Holgate*, 2000 UT 74, ¶ 11, 10 P.3d 346. We therefore decline to consider this issue.

## VI. Fees on Appeal

¶28 Crane-Jenkins requests an award of attorney fees incurred on appeal. "[W]hen a party who received attorney fees below prevails on appeal, the party is also entitled to fees reasonably incurred on appeal." *Valcarce v. Fitzgerald*, 961 P.2d 305, 319 (Utah 1998) (plurality opinion) (citation and internal quotation marks omitted). "Although we have modified the judgment on appeal, [Crane-Jenkins] nevertheless may be appropriately regarded as having prevailed." *See id.* Crane-Jenkins, however, "did not retain all of [her] victory on appeal, and some adjustment may be necessary so that [she does] not recover fees attributable to issues on which [she] did not prevail." *See id.* Accordingly, we award Crane-Jenkins her attorney fees incurred on appeal to the extent that she prevailed on appeal and remand to the district court to calculate Crane-Jenkins's reasonable fees on appeal consistent with this decision.

## CONCLUSION

¶29 In sum, we reverse the district court's award of attorney fees related to Brad Lawson and remand to reduce the judgment by $2,917.50. We also remand for an award of attorney fees reasonably incurred by Crane-Jenkins for the issues on which she prevailed on this appeal. The judgment of the district court is otherwise affirmed.

———————