**2022 UT App 105**

## THE UTAH COURT OF APPEALS

AMERICAN UNITED FAMILY OF CREDIT UNIONS,
Appellee,
*v.*
JASON MURRAY,
Appellant.

Opinion
No. 20200903-CA
Filed August 25, 2022

Third District Court, Salt Lake Department
The Honorable Richard D. McKelvie
No. 160905326

D. Scott Crook, Attorney for Appellant

Joseph A. Skinner, Attorney for Appellee

JUDGE RYAN D. TENNEY authored this Opinion, in which
JUSTICE JILL M. POHLMAN and JUDGE RYAN M. HARRIS concurred.[1]

TENNEY, Judge:

¶1      After Jason Murray defaulted on over $60,000 in loans from American United Family of Credit Unions (American United), American United sued Murray to collect. Murray and American United soon agreed to a stipulated settlement that contained, among other things, a payment schedule, an attorney fee provision, and a Confession of Judgment under which American

---

1. Justice Jill M. Pohlman began her work on this case as a member of the Utah Court of Appeals. She became a member of the Utah Supreme Court thereafter and completed her work on the case sitting by special assignment as authorized by law. *See generally* Utah R. Jud. Admin. 3-108(4).

United could later obtain an ex parte judgment against Murray if he didn't comply with the payment schedule.

¶2      Murray defaulted on the payment schedule within a month of the settlement, so American United obtained a judgment against Murray pursuant to the Confession of Judgment. But despite its efforts, American United had considerable difficulty collecting. After four years of effort, American United filed a motion to augment the judgment to account for the attorney fees that it had incurred in its collection efforts. At that point, Murray filed a motion asking the court to set aside the judgment. The district court denied Murray's motion, and it also augmented the attorney fees award to include the fees that American United had incurred over the previous two years.

¶3      Murray now challenges both rulings. For the reasons set forth below, we affirm.

BACKGROUND

*Stipulation and Confession of Judgment*

¶4      Jason Murray began borrowing money from American United in 2013. Through what the parties have referred to as Note I, Murray borrowed $55,091.83, and he used a Mercedes Benz to secure that note. Through what the parties have referred to as Note II, Murray borrowed $8,800. Murray also opened two credit cards with American United, and those cards are referred to in the record as Visa Card I and Visa Card II.

¶5      Murray failed to timely repay American United for the notes or his credit card debts. In August 2016, American United filed a complaint against Murray for, among other things, breach of the contracts underlying Note I, Note II, Visa Card I, and Visa Card II. Through an attorney, Murray answered American United's complaint.

¶6     In October 2016, the parties agreed to a "Stipulated and Conditional Confession of Judgment" (the Stipulation). There, the parties agreed that the Stipulation was an effort "to avoid the time, expense, and potential uncertainty of progressing" with American United's lawsuit against Murray. The parties further agreed that the Stipulation was intended "to resolve their differences upon the terms and conditions stated" in the Stipulation.

¶7     The Stipulation outlined the outstanding amounts that Murray owed under Note I, Note II, Visa Card I, and Visa Card II, as well as the amount of attorney fees that American United had incurred "in connection with this matter." Then, in a separate section titled "Confession of Judgment," the Stipulation stated, "Murray agrees to pay American United the sum of $74,871.91 (which sum includes the total amount due under Note I, Note II, Visa Card I and Visa Card II, plus attorney fees and costs incurred)."

¶8     The Confession of Judgment also set forth a payment schedule, and it further stated that if Murray didn't follow the schedule, Murray "stipulate[d] to entry of judgment in favor of American United in the amount of $74,871.91, less any amounts actually paid by Murray . . . together with interest accruing on the Judgment Amount at the rates corresponding to" the two notes and the two Visa credit cards. Note I and Note II were attached to the Stipulation, and the corresponding interest rate for each was listed in the notes themselves. The contracts underlying the two Visa credit cards were also attached to the Stipulation. The interest rates for the cards were not identified in those respective contracts; instead, those contracts stated that Murray would be subject to rates that had previously been provided in a "Credit Card Account Opening Disclosure."

¶9     The Confession of Judgment also included a provision that we'll refer to as the Waiver of Notice provision. This provision

provided that if Murray failed to keep up with the payment schedule, American United would "be entitled to immediately file this Confession of Judgment with the Court via an ex-parte motion and affidavit identifying the specific default and the appropriate Judgment Amount, without any further notice to Murray, and to the entry of a judgment against Murray for the total Judgment Amount."

¶10 In a final section of the Stipulation that was titled "Additional Provisions," Murray "represent[ed] and warrant[ed] that he has had sufficient opportunity to review this Confession of Judgment, either individually or through counsel of his choosing, and that he has voluntarily entered into this Confession of Judgment for its stated purpose." The Stipulation then contained electronic signatures from both American United's CEO and Murray, with an additional notation indicating that Murray's original signature was on file.[2]

*Murray's Default and the Parties' Subsequent Motions*

¶11 Murray defaulted less than a month after he agreed to the Stipulation. Shortly after his default, American United filed an ex parte motion and affidavit with the district court seeking a judgment against Murray according to the terms of the

---

2. It is somewhat unclear from the record whether Murray's counsel actively participated in the negotiation of the Stipulation and its accompanying Confession of Judgment. The Stipulation makes no mention of counsel having done so. But on the other hand, Murray's counsel signed it as a notary, and Murray also specifically represented that he'd had the opportunity to review the document "either individually or through counsel of his choosing." In any event, what ultimately matters for our resolution is that Murray has never argued that he did not have the opportunity to review the document with his counsel or that the electronic signature at its end was not his.

Stipulation and the Confession of Judgment. In November 2016, the district court entered a judgment (the Judgment) against Murray "for the confessed amount of $74,871.91, plus attorney's fees of $1,032.00 and costs of $2.00, for a total judgment of $75,905.91, together with interest accruing at the contract rates corresponding to Note I, Note II, Visa Card I and Visa Card II." A couple of weeks after the Judgment was entered, the district court entered an Abstract of Judgment, which outlined the principal amount and attorney fees for the Judgment and stated the corresponding interest rates for Note I, Note II, Visa Card I, and Visa Card II. The court's docket notes that the judge signed the abstract on December 5, 2016.

¶12    Over the next four years, American United tried to enforce the Judgment against Murray. Its efforts included a writ of replevin to repossess the Mercedes Benz, several writs of garnishment, and various other litigation tools. Despite these efforts, the notes and Visa credit card debts were still not fully paid off.

¶13    In August 2020, Murray moved to set aside the Judgment pursuant to rule 60(b)(4) of the Utah Rules of Civil Procedure, which provides for relief from judgment when "the judgment is void."[3] In that motion, Murray made two main arguments.

¶14    Murray first argued that the Judgment had not complied with rule 58A(i) of the Utah Rules of Civil Procedure. That rule states that when a confession of judgment is statutorily authorized, "the party seeking the judgment must" (among other requirements) file a statement "that the specified sum is due or to

---

3. Murray also moved to set aside the Judgment under rule 60(b)(6) of the Utah Rules of Civil Procedure. The district court denied that part of his motion as untimely. Murray doesn't challenge that denial on appeal, so we don't discuss that aspect of his motion in this opinion.

become due." Utah R. Civ. P. 58A(i). Murray argued that because the Confession of Judgment did not include "the interest rates for the loans" under Visa Card I or Visa Card II, the Confession of Judgment had not identified the "specified sum" that he owed as required by rule 58A(i). From this, Murray asked the court to grant him relief under rule 60(b)(4), arguing that the error rendered the Judgment "void in its entirety."

¶15    Murray's next argument was more complicated, and it essentially involved three interdependent parts. According to Murray: (i) the Utah Consumer Credit Code (UCCC) prohibits creditors and debtors from entering into confessions of judgment, *see* Utah Code Ann. § 70C-2-201 (LexisNexis 2020), so the Confession of Judgment that he (a debtor) had entered into with American United (his creditor) was "void"; (ii) "[b]ecause the Confession of Judgment was unenforceable," his "waiver of his right to notice and opportunity to respond" (i.e., the Waiver of Notice provision) "was also unenforceable"; and as a result, (iii) the "entry of the Judgment without notice to Mr. Murray violated his due process rights" because the Judgment was entered in reliance on the "unenforceable" Waiver of Notice provision.

¶16    A few weeks after Murray filed his motion to set aside the Judgment, American United filed a motion to augment the Judgment, asking the court to award it the attorney fees that it had incurred in its prolonged collection efforts. American United supported this motion with an affidavit and itemized timesheets.

¶17    The court accepted briefing from the parties on both Murray's motion to set aside the Judgment and American United's motion to augment the Judgment. In Murray's opposition to the motion to augment, he argued that American United was required to have filed a separate motion to augment alongside each of its collection efforts during the previous four years. After a hearing, the district court issued a written order in which it denied Murray's motion to set aside the Judgment and

partially granted American United's motion to augment the Judgment.

¶18    With respect to Murray's motion to set aside the Judgment, the court disposed of Murray's rule 58A(i) argument by emphasizing that the "Utah Supreme Court has made clear that a judgment is not void merely because it is erroneous." (Quotation simplified.) Citing a prior supreme court decision, the district court held that a judgment is instead void only where "the court that rendered it lacked jurisdiction of the subject matter or parties, or the judgment was entered without the notice required by due process." (Quotation simplified.) Since the court was not persuaded "that the alleged failure to comply with Rule 58A would result in" a lack of subject matter jurisdiction or a denial of due process, it "decline[d] to set aside the Judgment" based on the alleged failure to specify the exact sum Murray owed.

¶19    The court also rejected Murray's due process argument, concluding that his due process right to notice was not violated because he "was served with process on the underlying credit obligation" before entering into the Stipulation. The court emphasized that Murray "appeared in the lawsuit, was represented by counsel, and answered American United's complaint." The court thus concluded that, even if there was some infirmity in the Waiver of Notice provision, Murray had not been deprived of his due process rights. As a result, the court held that the Judgment was not void under rule 60(b)(4) of the Utah Rules of Civil Procedure.

¶20    Turning to American United's motion to augment the Judgment, the district court noted that rule 73(f) of the Utah Rules of Civil Procedure allows a party to augment its award of attorney fees "within a reasonable time after the fees were incurred." The court then determined "that American United's request for attorney fees and costs that it incurred more than two years before the Motion for Fees was filed was not brought within a reasonable

time," so it "disallow[ed]" "attorney fees and costs incurred by American United prior to August 31, 2018." But the court also concluded that American United's request for fees incurred during the prior two years was filed within a reasonable time, so it awarded American United those fees.

¶21 Murray timely appealed both the denial of his motion to set aside the Judgment and the district court's partial grant of American United's motion to augment the Judgment. In doing so, Murray also moved to stay the Judgment pending his appeal, and the district court granted that motion.

ISSUES AND STANDARDS OF REVIEW

¶22 Murray challenges the district court's denial of his motion to set aside the Judgment on two grounds. First, Murray argues that the Judgment was void under rule 60(b)(4) of the Utah Rules of Civil Procedure because the Confession of Judgment was not compliant with the requirements set forth in rule 58A(i) of the Utah Rules of Civil Procedure. Second, Murray argues that the Waiver of Notice provision was infirm because of a UCCC violation and that, without a valid waiver of notice, he was deprived of the notice guaranteed by due process, thereby rendering the Judgment void under rule 60(b)(4) for this additional reason. Both arguments implicate our rules of civil procedure, and we "review a district court's interpretation and application of our rules of civil procedure for correctness." *Sanders v. Sanders*, 2021 UT App 122, ¶ 4, 502 P.3d 1230. To the extent that Murray's second argument turns on an interpretation of his due process right to notice, we review that issue for correctness as well. *See State v. Liti*, 2015 UT App 186, ¶ 9, 355 P.3d 1078.

¶23 Murray also challenges the district court's partial grant of American United's motion to augment the Judgment to award additional attorney fees. As explained below, Murray's specific challenge turns on an interpretation of our rules of civil

procedure. We accordingly review this issue for correctness too. *See Sanders*, 2021 UT App 122, ¶ 4.

ANALYSIS

I. Motion to Set Aside the Judgment

¶24 Murray argues that the district court should have granted his motion to set aside the Judgment. Murray's motion was filed pursuant to rule 60(b)(4) of the Utah Rules of Civil Procedure, which allows a court to "relieve a party . . . from a judgment" if "the judgment is void." As he did below, Murray argues that the Judgment was void for two reasons: first, it violated rule 58A(i) of our rules of civil procedure; and second, the Confession of Judgment and its Waiver of Notice provision were invalid under the UCCC, so the court's entry of the Judgment based thereon deprived him of due process. We disagree on both fronts.

A.     Rule 58A(i)

¶25 Murray first argues that the Judgment is "void because of its failure to comply with Rule 58A of the Utah Rules of Civil Procedure." In Murray's view, the Confession of Judgment violated rule 58A(i) because it did not include "the interest rates for the loans, particularly Visa Card I or Visa Card II." But we need not decide whether there was a rule 58A(i) violation because, even if there was, this alleged violation does not render the Judgment void for purposes of rule 60(b)(4).

¶26 As noted, a party can obtain relief under rule 60(b)(4) by showing that "the judgment is void." Utah R. Civ. P. 60(b)(4). For purposes of rule 60(b)(4), our supreme court has directed us to "narrowly construe the concept of a void judgment in the interest of finality." *Migliore v. Livingston Fin., LLC*, 2015 UT 9, ¶ 26, 347 P.3d 394. According to the supreme court, a "judgment is not void merely because it is erroneous." *Id.* (quotation simplified).

Instead, "a judgment is void under rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter or parties, or the judgment was entered without the notice required by due process." *Id.* (quotation simplified); *accord Judson v. Wheeler RV Las Vegas, LLC*, 2012 UT 6, ¶ 18, 270 P.3d 456.[4]

¶27    Given this, the relevant question is whether the alleged failure to include a "specified sum" in the Confession of Judgment as required by rule 58A(i) deprived either the district court of jurisdiction or Murray of due process. It did not.

¶28    First, on the question of jurisdiction, *Migliore* held that under Utah's rule 60(b)(4), a judgment is void "if the court that rendered it lacked jurisdiction of the subject matter or parties." 2015 UT 9, ¶ 26 (quotation simplified). Our courts have since construed rule 60(b)(4)'s jurisdiction component as encompassing challenges to both personal jurisdiction and subject matter jurisdiction. *See, e.g., In re Estate of Willey*, 2016 UT 53, ¶¶ 14, 20–38, 391 P.3d 171; *Sanders v. Sanders*, 2021 UT App 122, ¶¶ 11–12,

---

4. The supreme court based this limitation, in part, on a treatise that discussed the similarly worded federal rule 60(b)(4). *See Migliore v. Livingston Fin., LLC*, 2015 UT 9, ¶ 26, 347 P.3d 394 (citing 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2862 (3d ed. 2012)). Consistent with *Migliore*'s narrow view of what voidness means under the state rule, the United States Supreme Court has held that for purposes of the federal rule, "a motion under Rule 60(b)(4) is not a substitute for a timely appeal." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). Instead, "a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *Id.* And the Court further stressed that the "list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." *Id.*

502 P.3d 1230; *Knight Adjustment Bureau v. Funaro*, 2021 UT App 65, ¶¶ 20–21, 495 P.3d 221.

¶29　Murray has not suggested that the court lacked personal jurisdiction over him. And as for subject matter jurisdiction, Murray has provided us with no authority establishing that a rule 58A(i) error deprives a court of subject matter jurisdiction. As a result, he has failed to carry his burden of persuasion as to this argument, and we could reject it for this reason alone. *See Bank of Am. v. Adamson*, 2017 UT 2, ¶ 13, 391 P.3d 196. But in any event, we see no basis for accepting it. "Subject matter jurisdiction is a narrow concept" that, in relevant part, refers to the court's power to "adjudicate a class of cases." *Knight Adjustment Bureau*, 2021 UT App 65, ¶ 16 (quotation simplified). But Utah "district courts are courts of general jurisdiction" and have "general power to hear all matters civil and criminal so long as they are not excepted in the Utah Constitution and not prohibited by law." *In re adoption of B.B.*, 2017 UT 59, ¶ 143, 417 P.3d 1 (Lee, A.C.J., opinion of the court on this issue) (quotation simplified). Even if it's true that rule 58A(i) requires the inclusion of the interest rate in a Confession of Judgment, we see no basis for concluding that a failure to do so would somehow deprive the court of its power to adjudicate the class of cases to which such a suit belongs. Subject matter jurisdiction therefore was not implicated.

¶30　Second, the alleged error also did not deprive Murray of the notice guaranteed by due process. In this context, due process "'requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Migliore*, 2015 UT 9, ¶ 27 (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010)). The United States Supreme Court's decision in *United Student Aid Funds* is instructive. There, the Court considered a case in which the plaintiff had failed "to serve [the defendant] with a summons and complaint," and the Court acknowledged that this failure

"deprived [the defendant] of a right granted by a procedural rule." *United Student Aid Funds*, 559 U.S. at 272. But even so, the Court held that this deprivation "did not amount to a violation of [the defendant's] constitutional right to due process" because the party "received *actual* notice of the filing and contents" at issue with sufficient time to raise any objection. *Id.* (emphasis in original). Because of this, the Court affirmed the denial of a motion filed under the similar federal rule 60(b)(4). *Id.*

¶31 We reach the same conclusion here. Murray has pointed to what is arguably a technical defect—namely, that while the amounts that he owed were identified in the Confession of Judgment, the interest rates were not. But Murray knew that the Confession of Judgment didn't contain those rates, and yet he signed the Stipulation that they were attached to anyway. He therefore received notice of the very defect at issue in time to have objected to it, so due process was satisfied.

¶32 In short, we agree with the district court that Murray has not shown that the alleged defect in the Confession of Judgment either deprived the court of jurisdiction or Murray of notice of the applicable interest rates. As a result, the district court did not err in denying Murray's motion to set aside the Judgment under rule 60(b)(4) on this basis.

B.     Alleged UCCC Violation and Due Process

¶33 As noted, Murray's second voidness argument has three sequential parts: (i) he argues that the UCCC prohibits debtors and creditors from entering into confessions of judgment; (ii) he then argues that because the Confession of Judgment was statutorily prohibited, the Waiver of Notice provision in the Confession of Judgment was likewise invalid; and (iii) from this, Murray claims that because there was no valid waiver of notice, his due process rights were violated when American United later relied on the Confession of Judgment to obtain the Judgment through an ex parte motion.

¶34    We start with a note about what is (and is not) at issue here. As discussed, *Migliore* held that rule 60(b)(4) voidness can be established through either a lack of jurisdiction or a deprivation of due process. 2015 UT 9, ¶ 26. And while discussing this UCCC-derived argument in the opening brief, Murray did make passing reference to subject matter jurisdiction. But his argument focused on due process. And in his reply brief, Murray faulted American United for "spend[ing] significant time in [its] briefing arguing about subject-matter jurisdiction," stating that his "arguments have always been rooted in the ineffectiveness of the confession of judgment at issue to properly waive his right to due process." In light of this, we understand Murray to be relying solely on the due process component of rule 60(b)(4) for his UCCC-derived argument, so we analyze his claim accordingly. On that front, we reject Murray's argument because Murray had actual notice of the Confession of Judgment in time to have raised any objection to it.

¶35    Again, "due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Migliore*, 2015 UT 9, ¶ 27 (quotation simplified). And due process is satisfied when a defendant has "actual notice of all" the claims against him, as well as "ample opportunity to submit evidence in his defense." *Id.*; *see also United Student Aid Funds*, 559 U.S. at 272 (explaining that "actual notice" "more than satisfie[s] [a defendant's] due process rights").

¶36    Murray clearly had "actual notice" of the claims against him. After being served with American United's complaint, Murray answered it with the assistance of counsel and asserted eight affirmative defenses. And more to the point of what's at issue here, Murray also had actual notice of the Confession of Judgment. Again, the Confession of Judgment was part of the Stipulation, and Murray negotiated, agreed to, and signed the Stipulation. Moreover, at the close of the Stipulation, Murray specifically "represent[ed] and warrant[ed] that he has had

sufficient opportunity to review this Confession of Judgment" and "that he ha[d] voluntarily entered into this Confession of Judgment for its stated purpose."

¶37 Again, a "judgment is not void merely because it is erroneous," *Migliore*, 2015 UT 9, ¶ 26 (quotation simplified), and a rule 60(b)(4) motion likewise "is not a substitute for a timely appeal," *United Student Aid Funds*, 559 U.S. at 270. If Murray believed that the Confession of Judgment was legally prohibited by the UCCC, he could have declined to sign the Stipulation. But what's at issue here is a due-process-derived lack-of-notice argument under rule 60(b)(4). And on this, it's clear that Murray had actual notice of the Confession of Judgment and ample opportunity to object to its terms. *See Migliore*, 2015 UT 9, ¶ 27. He therefore has not shown that the Judgment that was obtained from it violated his due process right to notice. As a result, the court did not err in denying this aspect of Murray's rule 60(b)(4) motion.

## II. Motion to Augment the Judgment

¶38 After the district court denied Murray's motion to set aside the Judgment, it partially granted American United's motion to augment the prior attorney fees award to include fees that it had incurred while attempting to collect on the Judgment.[5] The court based its decision on rule 73(f) of the Utah Rules of Civil Procedure, under which a party may seek to augment a prior attorney fees award "within a reasonable time after the fees were incurred." Murray now challenges that decision, arguing that the court applied the wrong test. According to Murray, this case was governed by the more particular timing provision that is set forth

---

5. As noted, American United asked for fees stemming from the previous four years of collection efforts, but the court only granted the request with respect to the prior two years. American United has not challenged that aspect of the court's decision.

in rule 73(f)(3). And according to Murray, under rule 73(f)(3), American United was required to file a motion to augment each time it pursued any post-judgment enforcement action.

¶39 Rule 73 sets forth an intricate set of interrelated timing rules, and Murray's argument turns on an inference that he draws from some of the language that is found in one of its subparts. The applicable language from the rule and its implicated subparts is as follows:

- Rule 73(a) states that "[a]ttorney fees must be claimed by filing a motion for attorney fees no later than 14 days after the judgment is entered, *except as provided in paragraph (f)* of this rule."

- Rule 73(f)'s initial language states that "[a]ttorney fees awarded under this rule may be augmented upon submission of a motion . . . *within a reasonable time* after the fees were incurred, *except as provided in paragraph*s (f)(1), (f)(2) and *(f)(3)*."

- Rule 73(f)(3) is titled "Post Judgment Collections." It states that when a "party has established its entitlement to attorney fees" under rule 73 "and subsequently" applies for a listed writ or files a listed motion, "the party *may request as part of its application* for a writ or its motion that the party's judgment be augmented according to the following schedule." It then sets forth the "Attorney Fees Allowed" under that schedule, with the allotted fees ranging from $25 to $75.

- Finally, rule 73(f)(4) is titled "Fees in Excess of the Schedule." It states that "[i]f a party seeks attorney fees *in excess of the amounts* set forth in paragraphs (f)(1), (f)(2), or *(f)(3)*, the party shall comply with paragraphs (a) through (c) of this rule."

Utah R. Civ. P. 73 (emphases added).

¶40    Murray's argument is that because American United was seeking to augment the award to recover fees incurred after the Judgment, it could only do so under rule 73(f)(3). Murray then argues that because that rule allows a party to request augmentation "as part of its application for a writ or its motion," American United was required to have filed a motion to augment alongside each enforcement action.

¶41    We have some doubt as to whether Murray is correct about this, primarily because Murray is overlooking the applicable verb. Rule 73(f)(3) doesn't say that a party "must" request augmented fees "as part of its application for a writ or . . . motion"; rather, the rule says that a party "may" do so. Murray has provided no authority stating that within the rule 73(f)(3) context, an augmentation request must be filed contemporaneously with the writ or motion at issue.[6]

---

6. Our recent decision in *Diversified Striping Systems Inc. v. Kraus*, 2022 UT App 91, is not to the contrary. There, we held that a party was not entitled to augmented fees under rule 73(f)(3) where the request for augmented fees "was not properly made as part of an application for a writ or a motion." *Diversified Striping Systems Inc.*, 2022 UT App 91, ¶ 101 (quotation simplified). But the party in question had not filed an application for a writ or one of the motions identified in rule 73(f)(3). As noted, however, such a writ or a motion is the predicate for an augmented fee request under rule 73(f)(3), which is why the party was not entitled to fees under it. We didn't hold, however, that if a party *is* entitled to augmented fees under that rule, the party must file such a request alongside each enforcement action, as opposed to also being permitted to request augmented attorney fees in a separate filing later.

¶42    In any event, we need not definitively decide this issue here because we agree with American United's assertion that this isn't a rule 73(f)(3) case. Rule 73(f)(3) states that a party "may" request fees "according to" a listed "schedule" that is then laid out in a chart. But American United didn't request fees pursuant to the rule 73(f)(3) schedule. Rather, it requested fees far in excess of that schedule, which means that the timeliness of its request must be evaluated under rule 73(f)(4), the provision that governs "Fees in Excess of the Schedule."

¶43    Admittedly, things get somewhat circular here. As noted, rule 73(f)(4) states that "[i]f a party seeks attorney fees in excess of the amounts set forth" in paragraph (f)(3), "the party shall comply with paragraphs (a) through (c) of this rule." Rule 73(a) then states that the party has "14 days after the judgment is entered" to file such a request, "except as provided in paragraph (f)." And "paragraph (f)" then states that a party must file such a request "within a reasonable time after the fees were incurred, except as provided in paragraph[] . . . (f)(3)," thus potentially bringing things back to rule 73(f)(3) (and Murray's proposed requirement that fee augmentation requests must be made alongside each enforcement action).

¶44    But the problem with Murray's argument is that rule 73(f)(3) states that it only applies to requests for fees under its listed fee schedule. And this limitation is reinforced by the fact that rule 73(f)(4) states that it governs requests for "fees in excess of the schedule." The import of this here is that because American United did not request fees under the rule 73(f)(3) fee schedule, rule 73(f)'s "except as . . ." clause was not triggered. So as a result, the timing sequence described above stopped at rule 73(f), meaning that American United's augmentation request was simply required to have been made "within a reasonable time after the fees were incurred."

¶45 We see no textual basis for concluding that when an augmentation request is governed by rule 73(f)'s "reasonable time" requirement, there is a categorical rule under which the request must be made at the same time as the writ or motion to which it is linked. We instead take the rule at its word: "reasonable time" means "reasonable time." And as with other reasonableness determinations, such a determination would naturally turn on the circumstances of the case. Indeed, as noted by the district court below, in "cases like this where there are ongoing collection efforts, it may not make sense for the party seeking fees to bring a motion to augment for each batch of work immediately after incurring fees."

¶46 As indicated above, the district court evaluated the circumstances of this case and drew the "reasonableness" line at two years, finding that it was "unreasonable" for American United "to wait more than two years to seek fees." Notably, Murray hasn't challenged the court's reasonableness determination on appeal, instead resting on his assertion that American United was categorically required by rule to have filed a motion to augment each time it filed an enforcement action. Because we have now rejected that argument, we therefore affirm that order.[7]

---

7. Murray also argues that a particular term from the Confession of Judgment required American United to support any augmentation request with a supporting affidavit, and he then claims that American United "never once filed an attorney fee affidavit supporting the increased attorney fee amounts." But contrary to Murray's claim, American United did file an affidavit with its motion to augment, and its affidavit included several pages of itemized time entries supporting its request. This final argument is based on a false premise, so we reject it.

### III. Attorney Fees on Appeal

¶47 Finally, American United requests its attorney fees incurred on appeal. "When a party who received attorney fees below prevails on appeal, the party is also entitled to fees reasonably incurred on appeal." *Crane-Jenkins v. Mikarose, LLC*, 2016 UT App 71, ¶ 28, 371 P.3d 49 (quotation simplified).

¶48 Because American United received its attorney fees below, and because American United prevailed on appeal, American United is entitled to its attorney fees "reasonably incurred on appeal." *Id.* (quotation simplified). We accordingly grant American United's request for attorney fees and "remand to the district court to calculate [American United's] reasonable fees on appeal consistent with this decision." *Id.*

### CONCLUSION

¶49 For the reasons set forth above, we affirm the decisions at issue. First, Murray has not shown that the Judgment was void under rule 60(b)(4) of the Utah Rules of Civil Procedure. And second, Murray's challenge to the order augmenting the attorney fees award is not supported by the governing rule.

¶50 Because American United prevailed in the proceedings below and has prevailed on appeal, we remand to the district court for the limited purpose of awarding fees reasonably incurred in this appeal.

———————